HOOSIER CASUALTY COMPANY *v.* MIERS ET AL.

[No. 27,408. Filed May 29, 1940. Rehearing denied June 28, 1940.]

*Frank A. Symmes* and *Owen S. Boling*, both of Indianapolis; and *Bagot, Free & Morrow*, of Anderson, for appellant.

*Charles B. Salyer, Samuel E. Johnson*, and *Sid M. Cleveland*, all of Anderson, for appellees.

TREMAIN, J.—This action was filed by appellee Miers against the appellant to recover on an indemnity insurance contract issued by the appellant to the appellee Peterson. The cause was tried by the court upon a stipulation of facts resulting in a judgment for the appellee. The single error assigned on appeal is the overruling of appellant's motion for a new trial.

The stipulation of facts discloses that on the 30th day of November, 1934, while the policy issued by the appellant was in full force and effect, the appellee Miers was an employee of his coappellee as a bartender at a salary

of eighteen dollars per week; that Miers worked from 4 o'clock P. M. to 11 o'clock P. M., and was on the pay roll of Peterson at the time; that Peterson invited Miers to be his guest on a hunting trip on that day, and used his Ford automobile as a means of transportation; that, in returning that afternoon about 2 o'clock, Peterson carelessly, negligently, and wantonly drove his automobile from the highway and against a telephone pole, whereby Miers sustained injuries for which he recovered damages; that under the terms of the policy the appellant was required to and did furnish attorneys to make the defense for Peterson; that after Miers recovered judgment he caused execution to be issued against Peterson, which was returned "no property found," and thereafter filed this suit against the appellant and his coappellee, based upon said insurance policy.

The stipulation of facts is quite lengthy, and recites all the details in connection with the trial of the original cause of action and subsequent proceedings, as well as containing a copy of the policy of insurance. It recites that, notwithstanding the fact that Miers filed his action upon the theory that he was a guest of Peterson at the time he sustained the injury, nevertheless, the appellant knew that in fact Miers was an employee of Peterson.

The liability clause of the policy provides coverage as follows:

"Loss directly resulting to Assured herein by reason of the liability imposed by law upon the Assured for damages on account of bodily injuries (including death resulting therefrom) accidentally inflicted upon any person or persons, during the policy period . . . the Company will also pay the costs and expense attendant upon the investigation, adjustment and settlement of claims, all costs taxed against the Insured in any legal proceedings defended by the Company as provided

herein, and all interest accruing after entry of judgment upon such part thereof as shall not be in excess of the Company's liability as herein expressed; . . . and to defend in the name and on behalf of the Assured all suits thereon, whether groundless or not."

This provision is followed by the extended omnibus coverage clause. The policy contains the following exclusion clause:

"4-A Under clause V pertaining to liability any employees of the assured and/or his family or members of his household are excluded."

It is stipulated that the appellant denied liability upon the ground that the appellee Miers was an employee of his coappellee at the time, and for that reason it was not answerable to the appellee for the amount of judgment recovered. It is further stipulated that it is appellee's contention that he was employed to work from 4 o'clock P. M. to 11 o'clock P. M.; that at all other times he was free to go and pursue any business or pleasure he chose; that he was not under the control or subject to the orders of Peterson; that the injury did not arise out of his employment; that, when his employer invited him as a guest to ride in the automobile covered by the insurance policy, he was in no wise bound as an employee, but was a mere guest.

Whether Miers was an employee of his coappellee at the time of injury so as to relieve the appellant from liability under the policy is the principal question to be decided. It is asserted that, by reason of the fact that appellant appeared and defended the cause filed against Peterson, it thereby was estopped from defending against this action, and that the question of its liability was adjudicated in the first action. It is true ordinarily that one who is required to protect

another from liability is bound by the result of the litigation to which such other is a party, provided the former had notice of such litigation and an opportunity to control its proceedings. A judgment against a party indemnified is conclusive in a suit against his indemnitor only as to the facts therein established. The estoppel created by the first judgment cannot be extended beyond the issues necessarily determined by it. The appellant defended the first action on behalf of the insured on the theory that Miers was his guest. Even if the appellant had notice of the employment of Miers by Peterson, nevertheless, under the terms of the policy, it was bound to make the defense whether the action was "groundless or not." Appellant is not estopped from making a defense to this action. 14 R. C. L. 62, Indemnity § 21; *State Farm Mutual Automobile Ins. Co.* v. *Phillips* (1936), 210 Ind. 561, 2 N. E. (2d) 989.

Neither the appellant nor the appellee has directed attention to any authority defining the word "employee" when used in the sense and in the connection in which it is used in the insurance contract which forms the basis of this action. They have cited *Ritter* v. *State* (1887), 111 Ind. 324, 12 N. E. 501, as an authority defining that word. The occasion for the definition was a consideration of an indictment charging the appellant, an employee, with the crime of embezzlement. It is there said:

> "In this country it (employee) is of such common use that its meaning is not at all uncertain. Besides, the word 'employee' is one of those used in the statute, in specifying the persons who may commit the public offence of embezzlement . . .
> "Webster thus defines the word 'employee:' 'One who is employed.' "

It is not clear that this authority is of much aid to the court for the reason that the word is used in a

different connection from the use made of it in the insurance policy. The policy is a contract to protect the assured "against loss and/or expense, arising or resulting from claims upon the assured for damages in consequence of an accident occurring . . . by reason of the ownership, maintenance or use of the automobile . . ." This is followed by the limitation of liability clauses, among which is 4-A quoted above. There appears to be a very good reason for limiting coverage so as not to include employees and members of the household, because they have access to the use of the automobile; more opportunity to injure others or to be injured themselves; and, if coverage were extended to them, the insurer would be subjected to greater liability. For this reason, and probably others, the contract contains this exclusion. Unless an employee is in the service of the employer he would not be in a position of greater hazard than any third party, and there would be no need to deny coverage to him.

The word is not a technical one. It is in common use and its meaning is usually well understood. As said in 20 C. J. 1241:

"In this country it is of such common use that its meaning is not at all uncertain. The term is the correlative of 'employer,' and the two are doubtless the outgrowth of the old terms 'master' and 'servant' . . . In its broad signification the term is used to designate one who is employed; 'one who works for an employer or master;' 'one who works for wages or a salary;' a person hired to work for wages as the employer may direct; a person in constant and continuous service, for however brief a period of time; one whose time and skill are occupied in the business of his employer; any one who renders labor or services to another. It has neither technically nor in general use a restricted meaning by which any particular employment or service is indicated, and that it may

have different meanings in different connections admits of no doubt."

Bouvier's Law Dictionary defines "employee":

"A term of rather broad signification for one who is employed . . .

"Strictly and etymologically, it means 'a person employed,' . . . it is understood to mean some permanent employment or position."

The noncoverage clause in the policy uses this word in connection, and in the same sentence, with "members of his household." Evidently the principal meaning and sense in which the term is used indicate an employee in the service of and under the control of the employer. The word "employee" in itself is not attended by any ambiguity. The language in which it is used is not ambiguous. The misunderstanding, if any, appears to arise from a consideration of its meaning when used in a different sense from the use made of it in the policy of insurance. It is unreasonable to assume, except from necessity, that language used by the parties in a written contract was not intended to express an intelligent idea, or that the parties employed language having no application to the subject-matter of the contract. No one would contend that there is any ambiguity or uncertainty in the contract denying coverage to members of insured's household. The phrase "members of his household" is well understood everywhere. It can be asserted with equal positiveness that the word "employee" is as well understood as is the phrase "members of his household."

An employee is one engaged in the business of his employer. He is not one attending to his own business or engaged in pursuits of pleasure or recreation ■■ separate and apart from his employment. The appellee Miers owed to his employer the duty of being at his place of business from 4 o'clock P. M.

to 11 o'clock P. M. During the remainder of the twenty-four hours he was free to go where he pleased and to engage in his own pursuits of business or recreation. The mere fact that his employer invited him to ride in the automobile covered by the insurance policy sued on herein at a time when not engaged in the service of the employer constitutes no greater liability or risk as against the insurance company than if his employer had invited a third party and stranger to his household or employment. It is reasonable to conclude that the parties to the insurance contract intended that it should deny coverage as far as the appellee Miers is concerned for the period from 4 o'clock P. M. to 11 o'clock P. M., but otherwise when Miers was not actually engaged as the servant of Peterson under his control and direction and subject to his orders. It appears to be quite clear that, when Peterson invited Miers to become a guest in his automobile on a hunting trip, Miers was a stranger in so far as the relation of employer and employee was concerned. The injury sustained by Miers was wholly disconnected and foreign to the relationship of employer and employee. That relationship was something separate and apart from the hunting trip which was taken at a time when Miers was under no duty to or subject to any orders from Peterson as master. It cannot be that it was the intention of the insurer in issuing the policy contract to exclude from coverage a neighbor riding with the insured and bearing no other relation to him than that of guest. The policy covers and protects that individual. In what sense could there be less responsibility when Miers is bearing the same relationship, that of guest, does not appear. If there is any doubt as to liability under the circumstances here presented, that doubt must be resolved in favor of the insured and his guest.

It was not in the contemplation of the parties to exclude from coverage mere guests of the insured. They are included. If that had not been the intention, it would have been expressed in clear and certain language.

The principle involved does not seem to be different from the one involved in that line of cases of which *Polk Sanitary Milk Co.* v. *Berry* (1938), 106 Ind. App. 29, 17 N. E. (2d) 860, is illustrative, to the effect that, if an employee commits a tort outside of and separate from his employment, the employer is not liable. While this line of authority is controlled by statute, nevertheless, it may reflect some light on the use of the word "employee". The employee who commits a tort wholly unconnected with his employment is as much an employee as if he had been on a hunting trip as a guest of his employer when off duty and away from his work.

Finding no reversible error, the judgment is affirmed.

NOTE: Reported in 27 N. E. (2d) 342.