Ember W. GRUMMONS et al., Plaintiffs,

v.

Adolphus Y. ZOLLINGER and Bernice Zollinger et al., Defendants.

No. 2512.

United States District Court
N. D. Indiana,
South Bend Division.

Oct. 28, 1960.

---

---◆---

Campbell, Livingston, Dildine & Haynie, Ft. Wayne, Ind., for plaintiff.

Jones, Obenchain, Johnson, Ford & Pankow, South Bend, Ind., for defendant.

GRANT, District Judge.

Plaintiffs filed this Motion for Summary Judgment, with supporting affidavits, on February 17, 1959. A brief summary of the facts may facilitate a better understanding of the questions presented.

The defendants manufactured and sold a "Va-Ka-Shun-Ette" model house trailer to the plaintiff, Grummons, a retailer of trailers in the State of New York. The plaintiff, Grummons, drove to the defendants' place of business at Elkhart, Indiana, where the sale was consummated and delivery was had. Upon his return to New York, Mr. Grummons conducted an inspection of the gas stove and heater in the trailer for leaks, by means of a candle, and then filled the tank which supplied the fuel for both. Discovering no leaks, he sold the trailer to a Mr. and Mrs. Fotch who thereupon took the trailer on a camping expedition.

On the morning after the first night of this trip, when Mrs. Fotch attempted to light the stove, an explosion ensued, due to fumes that had escaped from a leak in the tubing, during the night. Both Mr. and Mrs. Fotch were seriously injured and brought suit against Mr. Grummons for negligence and breach of implied warranty of merchantability under the New York version of the Sales Act, Personal Property Law, § 82 et seq. An attempt was made to sue the Zollingers in that action but they were dismissed as parties on the ground that they were not "doing business" in the State. Mr. Grummons thereupon formally notified the defendants of the action, demanding indemnity for any judgment which might be rendered in favor of the Fotches, together with costs, expenses and reasonable counsel fees, and on the same date tendered the defense of the action to the defendants, which tender was refused by the defendants.

The Fotches had a recovery in the sum of $34,360.08 on the theory of breach of the implied warranty of merchantability and this judgment has been satisfied by the plaintiff Liberty Mutual Insurance Company, the insurance carrier for Mr. Grummons. The plaintiffs have brought this action to recover over against the manufacturer on the same implied warranty of merchantability found in the Indiana version of the Sales Act, Burns' Ann.St. § 58–101 et seq. Damages in the sum of $40,113.32 are demanded. This sum includes the amount of the Fotch judgment plus $5,753.24, which amount, plaintiffs claim, was expended by them in defending the New York action.

It is plaintiffs' contention that, by virtue of the New York action, no triable issues of fact remain and that the Zollingers are bound by what was decided there. This argument is based upon the theory that where one sells a product to another under an implied warranty of merchantability and this buyer, in turn, re-sells the product, also giving an implied warranty of merchantability to his buyer, the original seller is liable over to his buyer if this second warranty is

breached and the first buyer can establish that the product was sold by him in the same condition as when it was purchased from the original seller. A condition precedent to this liability over is said to be that the notice of the suit filed by the second buyer must be given to the original seller so that he might defend the action if he so chooses. Plaintiffs cite Frank R. Jelleff, Inc., v. Pollak Bros., Inc., D.C.N.D.Ind.1957, 171 F.Supp. 467, a case from this District decided by Judge Swygert, as authority.

In the Jelleff case, a manufacturer of a "brunch coat" or smock was sued by a retailer of these coats to recover over on a judgment against the retailer secured by a purchaser of one of these smocks who was injured when the smock burst into flame on contact with a stove burner. The consumer recovered on the theory of breach of implied warranty of merchantability and suit was brought against the manufacturer on this same theory. When it was admitted by the defendant that the brunch coat was delivered to the retailer in the same condition in which he sold it, Judge Swygert held that no triable issue of fact remained and judgment was granted to the plaintiff on its motion for Summary Judgment.

While this Court is in complete agreement with the principles of the Jelleff case, nevertheless, there are certain facts present here that differ sufficiently from the facts in the Jelleff case to preclude our granting the motion for summary judgment in its entirety.

 In the Jelleff case, it was admitted by the defendant that the "brunch coat" or smock was in the same condition when sold by the plaintiff as it was when he received it from the defendant. We have here a similar finding of fact by the trial judge in the New York action, but, in making this finding, we are of the opinion that he was deciding a fact question not necessary to his determination of the controversy before him. It is a well settled principle of law that only a deter-

mination of questions material to a recovery in the prior suit is conclusive in the subsequent action. See Bedal v. Hallack & Howard Lumber Co., 9 Cir., 1955, 226 F.2d 526; United States v. Chicago R. I. & P. R. Co., 5 Cir., 1952, 200 F.2d 263; Aetna Casualty & Surety Co. v. Abbott, 4 Cir., 1942, 130 F.2d 40; Hoosier Casualty Co. v. Miers, 1940, 217 Ind. 400, 27 N.E.2d 342; Culver Contracting Corp. v. Humphrey, 1935, 268 N.Y. 26, 196 N.E. 627; 42 C.J.S. Indemnity § 32, pp. 613–614.

Application of this principle to the instant case reveals that at least one triable issue of fact remains for determination. That being, whether the trailer was delivered to Grummons in the same condition as when he sold it to the Fotches.

 Defendants raise this further question. What was the effect of Mr. Grummons' inspection on the implied warranty? This sale was consummated in Indiana, and so, under the general rule of Conflict of Laws that the situs of personal property at the time the transaction was made controls, it is Indiana law that we must look to in answering the question. Goodrich, Conflict of Laws, § 153 (1949). Under Indiana law, if the defect was such that the inspection ought to have revealed it, then the inspection destroys the implied warranty. Rayl v. General Motors Corp., 1951, 121 Ind.App. 608, 101 N.E.2d 433. Whether this defect was such, or not, is also a fact question that has never been determined.

Therefore, this Court holds that two triable issues of fact remain: first, whether the trailer was delivered to Grummons in the same condition as when he sold it to the Fotches, and, second, whether Grummons' inspection ought to have revealed the defect.

It Is Therefore Ordered that the Motion for Summary Judgment be, and is, hereby granted as to all issues except the two specified above. On trial, this cause shall be limited to a determination of these two excepted issues of fact.