**Louise BOLLMAN, Plaintiff-Appellant,**

v.

**Arthur J. WODYNSKI, Defendant-Appellee.**

**No. 13719.**

United States Court of Appeals Seventh Circuit.

Dec. 5, 1962.

Rehearing Denied Feb. 13, 1963.

John C. Mullen, Chicago, Ill., James P. Chapman, Chicago, Ill., of counsel, for appellant.

Oswell G. Treadway, Joseph H. Hinshaw and Perry L. Fuller, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Louise Bollman, plaintiff-appellant, brought this diversity action in the District Court against Arthur J. Wodynski, defendant-appellee, to recover for personal injuries alleged to have been occasioned by the negligence of the defendant in the operation of his automobile. The case was tried to a jury which returned a verdict of $1000 for the plaintiff upon which the court entered judgment.

Plaintiff's appeal assails the adequacy of the verdict, and the judgment based thereon, not from the standpoint of lack of support in the evidence viewed most favorably to the defendant but on the grounds that prejudicial errors affecting substantial rights of the plaintiff de-

prived her of a fair trial and were of such nature as to have influenced the jury to return the verdict it did.

The record discloses that the special damages sustained by the plaintiff amounted to $532.23 incurred for medical expenses. Plaintiff's claim for additional damages is predicated upon her contention that the collision of defendant's automobile with the rear of the automobile she was driving caused her to sustain a subluxation between the third and fourth cervical vertebrae, or to aggravate such condition if it previously existed, with resulting permanent disabling effects and pain and suffering.

The basic issue presented by plaintiff's appeal is whether the trial court abused its discretion, as a matter of law, in overruling plaintiff's motion for a new trial. Absent prejudicial error adversely affecting the substantial rights of the plaintiff—inconsistent with substantial justice—the ruling of the District Court must stand. Rule 61, Federal Rules of Civil Procedure (28 U.S.C.A.).

The plaintiff asserts that prejudicial and reversible error occurred in defense counsel's offering a police report concerning the collision in evidence in the presence of the jury, in improper examination and cross-examination by defense counsel, in improper admission of testimony, the exclusion of exhibits offered by plaintiff, and refusal of the trial court to prolong the trial to permit plaintiff to call a witness for rebuttal purposes.

In the examination of a police officer, called as a defense witness to testify as to statements made to him by the plaintiff concerning the stopping of her vehicle immediately prior to defendant's vehicle striking it from the rear, it appeared that the officer no longer recollected the details of the accident, as given to him by the parties at the scene of the collision about one-half hour after the occurrence, without referring to the original report he made of the incident. The trial judge inquired of the witness if after having seen the report he still had to refer to it to answer specific questions. On receiving an affirmative answer the trial judge inquired of defense counsel if he desired to introduce the report in evidence—so "it will speak for itself" rather than to have the witness read from it. Upon inquiry if he had any objection, plaintiff's counsel objected that he could not cross-examine the report. The objection was sustained and the witness continued with his testimony and used the report to refresh his recollection.

Plaintiff relies upon Paliokaitis v. Checker Taxi Co., 324 Ill.App. 21, 57 N.E.2d 216; Smith v. Johnson, 2 Ill.App. 2d 315, 120 N.E.2d 58; and Moore v. Daydif, 7 Ill.App. 534, 130 N.E.2d 119, to support her contention that the colloquy relative to the introduction of the report in evidence and its offer required an objection by plaintiff's counsel which could serve to prejudice her case before the jury. But such reliance is misplaced. Here there was no improper conduct of counsel such as that which forms the basis of the holding in the cases cited. Cf. Jacobsen v. Anderson Trucking Service, Inc., 7 Cir., 303 F.2d 449, 451. Under the circumstances here presented we perceive no error resulting from the offer and plaintiff's objection—much less an error requiring reversal.

We have considered the other contentions made by the plaintiff but in the light of a careful examination of the record, and its appraisal under pertinent legal principles, we conclude that no error intervened which either prejudicially affected a substantial right of the plaintiff or deprived her of a fair trial.

The judgment order of the District Court is affirmed.

Affirmed.