**SCHUTTER CANDY COMPANY,**
Plaintiff-Appellant,

v.

**STEIN BROS. PAPER BOX CO.,**
Defendant-Appellee.

No. 14577.

United States Court of Appeals
Seventh Circuit.

Oct. 30, 1964.

Plaintiff Schutter Candy Company makes and sells candy. Among its products are bars sold under the name "Old Nick" and "Little Old Nicks." Old Nicks are large-size bars; Little Old Nicks are miniature bars of the same candy. Defendant Stein Bros. Paper Box Co. manufactures boxes and supplies them to candy companies. In September, 1958, Schutter bought 150,000 of these boxes for packaging Little Old Nicks. The boxes were found to have a musty odor which gave the candy a bitter taste.

As a consequence, Schutter brought action seeking damages for breach of warranty. Stein Bros. in its answer admitted a breach of an implied warranty that the boxes were fit for the purposes for which they were intended. Defendant added that "plaintiff has suffered damages but as to the amount this defendant has no knowledge. . . ." The district court thereupon separated the issues and entered judgment · for plaintiff on the question of liability. The issue of damages was then tried, the district judge finding that plaintiff had been damaged in the amount of $17,481.30. Judgment was entered accordingly. Plaintiff appeals claiming an insufficiency of damages.

The items of damage constituting the judgment rendered by the district court included credits to customers, storage and destruction ˙ costs, the costs of a box-folding machine, inventory of finished boxes which had been destroyed, and inventory of boxes which had been purchased and not used. The court further found that "plaintiff has failed to adduce evidence that any damages sustained through advertising expenditures, loss of customers or prospective profits or damage to good will and business reputation were caused by defendant's admitted breach of warranty." Plaintiff contends that this latter finding was clearly erroneous and that this court should enter an additional judgment in plaintiff's favor for $247,888.90, representing damages to its business relations and good will.

Charles E. Zeitlin, Frank Greenberg, Harold M. Keele, Chicago, Ill. Peebles, Greenberg, Keele, Lunn & Ford, Chicago, Ill., of counsel, for appellant.

Samuel Morgan, Wm. J. Ruttenberg, Chicago, Ill., for appellee.

Before SCHNACKENBERG, CASTLE, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This appeal is from a judgment entered in a diversity action. The principal question is whether the evidence required an award of damages for injury to plaintiff's business and good will and for loss of advertising expenditures as a consequence of defendant's admitted breach of warranty. We undertake a summarization of the factual situation before discussing the contentions.

There was evidence that Schutter received a number of customer complaints about the odor of Little Old Nicks boxes and that as a result it gave credits for unsatisfactory Little Old Nicks, substituted other merchandise, and made cash refunds. There was also evidence that plaintiff was required to remove Little Old Nicks from a number of chain store outlets and that customers who took both Little Old Nicks and Old Nicks discontinued both items. On the other hand, there was evidence that the Chunky Chocolate Corporation, which acquired the Schutter company in March, 1958, made some adjustments in the personnel of plaintiff, that the sale of Old Nicks actually increased during the year defendant's boxes were used, that advertising for both Old Nick and Little Old Nicks bars was terminated, and that plaintiff had no knowledge of the exact number of customers who were dissatisfied with Little Old Nicks.

Plaintiff offered into evidence a sales forecast prepared by Chunky's vice president in charge of marketing. According to this prediction, Old Nick sales for the three-year period beginning with the year 1958 and ending with the year 1960 were estimated at approximately $3,000,-000 whereas the actual sales totaled approximately $1,095,000. Plaintiff claims that this meant a loss of profits of about $250,000 for the three-year period.

■ Plaintiff contends that the district judge erred in denying damages for its loss of good will, trade relations, and advertising expenditures for the reason that defendant admitted these specific items of damage in its answer to plaintiff's complaint. Although defendant did make certain admissions including that "plaintiff has suffered some damage," it made no concession as to the amount of damages. Thus, plaintiff bore the burden of proving the kind and amount of damage it suffered. Moreover, the record shows that the sole disputed issue was defendant's claim for loss of advertising costs, business, and good will. An admission that there was damage of some kind cannot substitute for adequate proof of the amount of a specific type of damage.

■ Having examined the record, we are constrained to agree with the district judge that there was insufficient evidentiary basis upon which to award the consequential damages claimed. It is true that the evidence shows Schutter may have lost some customers of the Little Old Nicks because it had used defective boxes made by Stein Bros. However, ascertainment of the number of customers lost and of the extent of the damage to business was not susceptible of even a gross approximation from the evidence submitted by plaintiff.

■ No dissatisfied customers testified. The evidence other than documentary consisted of the testimony of the executive vice president of Schutter, another of its vice presidents who was in charge of marketing, and a regional sales manager. Although these witnesses testified that customers of the Old Nick line had been lost, testimony giving a specific estimate of loss in business was conspicuously absent. Moreover, the business forecast proffered by plaintiff to show the extent of its business losses for which defendant was responsible was without probative value because plaintiff failed to prove a relation between any loss of business from the use of defendant's boxes and the decrease in actual sales of Old Nick when compared with those predicted in the forecast.

■ Although damages need not be proved with mathematical certainty, something more than conjecture is required. Otherwise an award would be nothing less than arbitrary and speculative. Confronted with the uncertainty of the evidence before him in the instant case, the district judge did not err in refusing to speculate as to the amount of consequential damages suffered by plaintiff.

The judgment is affirmed.