Ember W. GRUMMONS, d/b/a Atlantic Trailer Sales, to his own use and the use of Liberty Mutual Insurance Company, and Liberty Mutual Insurance Company, Plaintiffs-Appellants,

v.

Adolphus Y. ZOLLINGER and Bernice Zollinger, partners, d/b/a Zollinger Trailer Company, Defendants-Appellees.

No. 14679.

United States Court of Appeals Seventh Circuit.

Feb. 9, 1965.

Rehearing Denied March 5, 1965.

Gilmore S. Haynie, David B. Keller, and Campbell, Livingston, Dildine & Haynie, Fort Wayne, Ind., for appellants.

Roland Obenchain, Jr., Douglas D. Seely, Jr., and Jones, Obenchain, Johnson, Ford & Pankow, South Bend, Ind., for appellees.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

This was an action for indemnity. The defendants Adolphus Y. Zollinger and Bernice Zollinger, partners, doing business as Zollinger Trailer Company, manufactured and sold a trailer to plaintiff Ember W. Grummons, doing business as Atlantic Trailer Sales, a retailer in New York State, who took delivery of the trailer in Elkhart, Indiana. Mr. Grummons resold the trailer in New York State to Mr. and Mrs. Walter G. Fotch. Prior to selling the trailer to the Fotches, Mr. Grummons conducted an inspection of the gas stove and heater using a lighted candle to check against gas leaks.

The Fotches were injured in an explosion allegedly caused by leakage of gas inside the trailer. They brought suit against Mr. Grummons for negligence and breach of implied warranty of merchantability under the New York sales statute, and secured a judgment in excess of $34,000, which was "satisfied" by Mr. Grummons and his insurer Liberty Mutual Insurance Company, a plaintiff in this suit. Mr. Grummons and Liberty Mutual then brought this action to recover over against the Zollingers on the same implied warranty of merchantability under the Indiana sales statute to recover the amount of the Fotch judgments plus the plaintiffs' expenditures in defending the New York action, defense of which had been tendered to and refused by the Zollingers.

The District Court at first granted summary judgment for the plaintiffs, 189 F.Supp. 64 (reserving two issues for trial which need not concern us here) on the theory of Jelleff Inc. v. Pollack Bros. Inc., 171 F.Supp. 467, N.D., Ind., 1957. On reconsideration, after subsequent discovery proceedings, the District Judge held that the New York State judgment, ȯn which the instant action was based, did not fall within either the full faith and credit doctrine or the res judicata doctrine on which Jelleff was based.

■■ As the District Judge stated in his well reasoned memorandum opinion, 240 F.Supp. 63:

It is true that:

"When a person is responsible over to another, either by operation of law or by express contract * * * and he is duly notified of the pendency of the suit and requested to take upon him the defence of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion * * * will be conclusive against him, whether he has appeared or not. [citing case] * * *

"The plaintiff bases its theory for recovery on Jelleff, Inc., to Use of Liberty Mut. Ins. Co. v. Pollak Bros., Inc., 171 F.Supp. 467 (N.D. Ind.1957). See also Grummons v. Zollinger, 189 F.Supp. 64 (N.D.Ind. 1960). Implicit in the Jelleff case, which involved an action over by a retailer against a manufacturer to satisfy a judgment obtained against the retailer by a purchaser of the manufacturer's product which ignited and burst into flames, injuring the purchaser, is the requirement that the initial litigation be a full dress, arm's length, good faith, adversary proceeding. The case of Liberty Mutual Insurance Co. v. J. R. Clark Co., 239 Minn. 511, 59 N. W.2d 899, (1953), on which the Court in the Jelleff case heavily relies, implies that the same element is an indispensable part of any subsequent action over. * * *

"Without detailing * * * the particulars, suffice it to say that the character of the entire record is such that the New York action was something less than an arm's length, good faith adversary proceeding. Thus the judgment from that action is not sufficient on which to base a claim for recovery in an action over. For this reason the defendant's Motion for Summary Judgment is granted."

We have closely scrutinized the record in this case and find ourselves in full agreement with the District Judge. We cannot say that his findings of fact are clearly erroneous. Federal Rules of Civil Procedure, Rule 52(a). His judgment must be affirmed.

Affirmed.