371 F.2d 340
 SCHUTTER CANDY COMPANY, a Delaware corporation, Plaintiff,
v.
STEIN BROS. PAPER BOX COMPANY, an Illinois corporation, Defendant.
STEIN BROS. PAPER BOX COMPANY, Defendant and Third Party Plaintiff-Appellant,
v.
The LA BOITEAUX COMPANY, an Ohio Corporation, Third Party Defendant-Appellee and Third Party Plaintiff,
v.
ROCKY RIVER PAPER MILL, INC., a Michigan corporation, Third Party Defendant-Appellee.
 No. 15210.
 United States Court of Appeals Seventh Circuit.
 December 6, 1966.
 
 Samuel Morgan, Chicago, Ill., for appellant.
 L. H. Vogel, Albert F. Manion, Chicago, Ill., for third-party defendant-appellee and third-party plaintiff, La Boiteaux Co., David Jacker, William H. Symmes, John M. O'Connor, Jr., of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for third-party defendant-appellee, Rocky River Paper Mill, Inc.
 Before HASTINGS, Chief Judge, and CASTLE and KILEY, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 This diversity action was instituted in the District Court by Schutter Candy Company to recover damages for an alleged breach of warranty by Stein Bros. Paper Box Company, the appellant herein. The complaint charged in substance that Stein Bros. had sold and delivered to Schutter certain paper boxes which were malodorous and therefore unfit for the packaging of chocolate-covered candy bars, the purpose for which the boxes were intended. Stein Bros. answered Schutter's complaint by admitting liability but demanding strict proof of the damages sustained by Schutter, and filed a third party complaint based on a like breach of warranty against The La Boiteaux Company, paper brokers, who had sold to Stein Bros. the paper from which the boxes supplied to Schutter were fabricated. La Boiteaux, appellee herein, denied it had furnished defective paper to Stein Bros., and, in turn, filed a third party complaint against Rocky River Paper Mill, Inc., the manufacturer of the paper involved, and an appellee herein.
 
 
 2
 The District Court severed the trial of the damage issue as between Schutter and Stein Bros. from the trial of the issues of liability and damages between Stein Bros., on the one hand, and La Boiteaux and Rocky River, on the other. The issue of damages as between Schutter and Stein Bros. proceeded to trial before the court without a jury and resulted in a judgment in favor of Schutter in the sum of $17,481.30, which judgment was affirmed by this Court on appeal. Schutter Candy Company v. Stein Bros. Paper Box Co., 7 Cir., 338 F.2d 558.
 
 
 3
 Thereafter, the issues of liability and damages under the third party complaints proceeded to trial before a jury which returned a verdict in favor of the third party defendants. Judgment was entered upon the verdict after Stein Bros.' motion for a new trial was denied, and Stein Bros. appealed.
 
 
 4
 The appellant predicates error requiring reversal and the granting of a new trial upon rulings of the District Court in the admission and rejection of evidence. In this connection appellant contends that the verdict is contrary to the manifest weight of the evidence and the product of the court's evidentiary rulings which it challenges as erroneous. Thus the basic issue presented by appellant's appeal is whether the trial court abused its discretion, as a matter of law, in overruling appellant's motion for a new trial. Absent prejudicial error adversely affecting the substantial rights of the plaintiff — inconsistent with substantial justice — the ruling of the District Court must stand. Bollman v. Wodynski, 7 Cir., 312 F.2d 157, 158; Rule 61, Federal Rules of Civil Procedure (28 U.S.C.A.).
 
 
 5
 The prior judgment in favor of Schutter, affirmed by this Court (338 F.2d 558) was not, of course, conclusive against the third party defendants. The appellant had admitted liability to Schutter, contested only the amount of the damages, and the trial of that action was severed and the appellees had no opportunity to participate therein. Cf. Grummons v. Zollinger, 7 Cir., 341 F.2d 464.
 
 
 6
 In the instant action there was testimony from which the jury could have concluded that Schutter's losses through the return of its merchandise ("Little Old Nicks" — a miniature candy bar), credits given to its customers for such merchandise, etc., were attributable to a defect in the paper appellees supplied to Stein Bros. for use in making the boxes in which the candy was packaged. But there was also testimony from which the jury could have concluded that the customer dissatisfaction with the product which Schutter experienced was occasioned by its marketing the product at a time subsequent to its manufacture when its normal shelf-life (four to six weeks) had expired, or was about to expire, and due to the inherent nature of the product — a previous attempt by Schutter to market miniature candy bars having proven financially unsuccessful. This being so appellant's attack upon the verdict is without merit, and the verdict must stand absent error requiring reversal.
 
 
 7
 Appellant contends that prejudicial error adversely affecting a substantial right of the appellant was interjected by counsel for third party defendant La Boiteaux when such counsel read to the jury an excerpt from the testimony Alvin Erlich, an officer of Schutter, had given at the trial of the action brought by Schutter against Stein Bros. In this portion of his testimony Erlich had stated that the manufacture and sale of the "Little Old Nicks" miniature bars was discontinued by Schutter because "the volume of customer complaints received by us seemed to indicate that there was no future at all at that particular time in any sense at all trying to continue the sale of them to our customers. The customers just wouldn't buy, period." But, appellant is in no position to urge error in this connection. He made no objection. And, appellant's complaint that it was not permitted to likewise read excerpts from the testimony of a different witness at the same trial is unavailing. The appellees made proper objection thereto.
 
 
 8
 Appellant's remaining contention is that the court erred in sustaining appellees' objection to Mr. Moe Stein, president of appellant, answering a question put to him by appellant on redirect examination. On cross-examination the witness had admitted that Stein Bros. did not contest the issue of its liability with Schutter — a fact apparent from the answer Stein Bros. had filed to Schutter's complaint. On redirect examination appellant's counsel asked the witness: "why did you admit liability?". The court sustained appellees' objection but ruled that the witness might testify to the content of any conversation he may have had with appellees in which he stated the reason. The witness did proceed to testify to conversations with the appellees which had taken place prior to the filing of appellant's answer containing the admission, and in which, the witness testified, appellees "kept promising us and telling us that they would, that they would take care of it". Under the circumstances presented we are of the view that the ruling made was one within the court's discretion. Hays v. Place, 350 Ill.App. 504, 511, 113 N.E.2d 178. In any event we perceive no basis here upon which it could be regarded as constituting error requiring a reversal for a new trial.
 
 
 9
 The judgment order of the District Court is affirmed.
 
 
 10
 Affirmed.