In the Matter of the Paternity of:
P.N.B. by His Next Friend, J.L.S.,
Petitioner–Appellant,

v.

J.L.D., Respondent–Appellee.

No. 02A03–8804–CV–112.

Court of Appeals of Indiana,
Third District.

Dec. 21, 1988.

Rehearing Denied March 17, 1989.

Martin D. Hillery, Deputy Pros. Atty., Fort Wayne, for petitioner-appellant.

John B. Powell, Shambaugh, Kast, Beck & Williams, Fort Wayne, for respondent-appellee.

GARRARD, Presiding Judge.

This is a paternity action. The trial court granted summary judgment for the putative father on the ground that a prior proceeding instituted against him by the mother was *res judicata.*

With one exception this case squares with our decision in *T.R. v. A.W. By Pearson* (1984), Ind.App., 470 N.E.2d 95 (Garrard, J. dissenting). As in *T.R.*, the mother commenced a paternity action against the appellee prior to the 1979 repeal of IC 31–4–1–1 *et seq.* and its replacement by IC 31–6–6.1–1 *et seq.* The latter statute for the first time makes the child a necessary party and permits the action to be brought by the child, or under certain circumstances, by the welfare department. IC 31–6–6.-1–2. As in *T.R.*, the child was not made a party to the 1978 action.

The difference, however, is crucial. In *T.R.* the case was tried on the merits and a jury found the defendant was not the father. Judgment was entered on the verdict and this court determined the judgment was *res adjudicata* upon the subsequent action commenced by the child.

In the instant case there was no trial on the merits and no judgment that the defendant was not the father. Instead, the parties dismissed the action with prejudice by an agreed entry.

Absent a full and fair hearing on the merits, the justification for the result in *T.R.* must give way to the equal protection rights of illegitimate children recognized in *Mills v. Habluetzel* (1982), 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770. Thus, this case is controlled by *Matter of M.D.H.* (1982), Ind.App., 437 N.E.2d 119 holding that a dismissal with prejudice where the child was not a party will not bar a subsequent action by the child to establish paternity although it will bar any claim by the mother.

Two more points bear mention. J.L.D.'s answer brief asserts that even if the trial

court's reasoning was incorrect there are two alternative grounds for affirming the judgment.

■ In 1979 the mother of P.N.B. married and moved to Michigan. She and her husband filed a petition to terminate J.L. D.'s parental rights and to adopt the child. The court entered an order terminating J.L. D.'s parental rights, but subsequently dismissed the adoption petition and vacated the termination order. J.L.D. contends we should be bound by the order of termination and should refuse full faith and credit to the subsequent order setting it aside. He does not explain why Michigan law requires that result nor do we perceive why. We presume the Michigan court was acting within its jurisdiction in vacating the order. Therefore, the Michigan proceedings are no bar to this action.

■ Secondly, he contends we should apply the law of equitable adoption to affirm the judgment. That doctrine, which has been applied in some jurisdictions to permit inheritance, is not recognized in Indiana. *Lindsey v. Wilcox* (1985), Ind.App., 479 N.E.2d 1330.

REVERSED AND REMANDED.

SHIELDS, P.J., and HOFFMAN, J., concur.