v.

N.W.S., minor, by next friend, S.L.S., Appellee–Plaintiff.

No. 27A02–9012–JV–759.[1]

Court of Appeals of Indiana, Fifth District.

Dec. 11, 1991.

Rehearing Denied Jan. 13, 1992.

---

1. This case has been diverted to this office by order of the Chief Judge.

Catherine Gibbs, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

This is a paternity action brought by S.L.S. (Mother) as next friend of N.W.S. (Child) against J.E., the putative father (Respondent). After a trial to the court, at which Respondent appeared without counsel, judgment was entered in favor of the Child. Respondent moved to set aside the judgment pursuant to Ind.Trial Rule 60(B) on the grounds that a prior paternity suit barred the present action. The trial court denied Respondent's motion and he now appeals the decision as an abuse of discretion.

We affirm.

On June 1, 1982, Mother filed a Petition to Establish Paternity of Child, alleging Respondent to be the father and seeking to establish a support obligation. That petition was encaptioned as follows:

In the Matter of the Paternity of
N.W.S.
S.L.S.
    Petitioner
    vs.
J.E.
    Respondent

Respondent answered, denying paternity of the Child. The suit was dismissed on January 10, 1983, for want of prosecution pursuant to Trial Rule 41(E).

On November 29, 1988, Mother filed a second Petition to Establish Paternity and Support which was encaptioned, in the following manner:

IN THE MATTER OF THE PATERNITY OF:
N.W.S., a minor
N.W.S., by next friend,
S.L.S., Petitioner

VS.

J.E., Respondent

The two petitions were not otherwise significantly different. Respondent, by his attorney, again answered with a denial and also raised the affirmative defense of *res judicata;* namely, the present suit was barred by the result of the 1982 action. Thereafter, Respondent's attorney withdrew his appearance. A bench trial of this cause proceeded as scheduled on July 7, 1989, and Respondent appeared *pro se.* Evidence was presented and the trial court determined Respondent was father of the Child and ordered father to pay child support and medical expenses. The record does not disclose whether Respondent's defense of *res judicata* was addressed at that time.

On September 20, 1989, Respondent, by counsel, filed a Motion to Set Aside Judgment, pursuant to Ind.Trial Rule 60(B), on the grounds of excusable neglect or alternatively because the Respondent was entitled to representation at trial. Thereafter, Respondent filed a second Motion to Set Aside Judgment on the grounds of *res judicata.* After conducting a hearing, the trial court denied the motions.

The decision whether to grant relief under T.R. 60(B) is left to the equitable discretion of the trial court and we reverse only for abuse of that discretion. *Shotwell v. Cliff Hagan Ribeye Franchise* (1991), Ind., 572 N.E.2d 487. An abuse of discretion occurs when there is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts or the reasonable, probable deductions to be drawn therefrom. *Danov v. Color Tile, Inc.* (1991), Ind.App., 571 N.E.2d 327.

Respondent argues the trial court's decision was an abuse of discretion because his defense of *res judicata* is meritorious. Application of the doctrine of *res judicata* requires the presence of four elements:

(1) the former judgment must have been rendered by a court of competent jurisdiction;

(2) the former judgment must have been rendered on the merits;

(3) the matter now in issue was, or might have been, determined in the former suit; and

(4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies.

*T.R. v. A.W. by Pearson* (1984), Ind.App., 470 N.E.2d 95, 96.

In the case before us, there is no question the 1982 judgment was rendered by a court of competent jurisdiction; the 1982 judgment was rendered on the merits; or the matter now in dispute might have been determined in the 1982 lawsuit. The critical inquiry in this case is the identity of parties in the 1982 and 1988 lawsuits. The dispute turns on whether the Child was made a party to the 1982 action.[2] Respondent argues the law in this jurisdiction is well settled and in support of his argument cites *T.R.*, *supra.* In *T.R.*, the mother brought an action in 1977 to establish the paternity of her child pursuant to Ind.Code § 31–4–1–1 *et seq.*[3] Under the statute, only the mother was allowed to prosecute an action for paternity; hence, the child was not a named party. A jury returned a verdict in favor of the putative father. In 1983, a second action was brought under the current statute in the name of the child by a next friend. We held *res judicata* barred the second proceeding because all issues concerning paternity were fully litigated in the first lawsuit.

However, we reached a contrary result in *P.N.B. by J.L.S. v. J.L.D.* (1988), Ind.App., 531 N.E.2d 1203, *trans. denied,* a case that presented a largely similar fact situation to that of *T.R.* As in *T.R.*, the mother commenced a paternity action against the putative father prior to the 1979 repeal of I.C. § 31–4–1–1 *et seq.* and its replacement by Ind.Code § 31–6–6.1–1 *et seq.* As in *T.R.*, the child in *P.N.B.* was not made a party to the 1978 action. By agreement of the parties the action was dismissed with prejudice. After I.C. § 31–6–6.1–1 was enacted a second suit was commenced in the name

of the child by his next friend. This statute, for the first time, made the child a necessary party and permitted the action to be brought by the child, or under certain circumstances, by the welfare department. I.C. § 31–6–6.1–2. We held that unlike *T.R.*, the subsequent lawsuit in *P.N.B.* was not barred by *res judicata* because the prior suit had not been tried on the merits. We explained our holding as follows:

> Absent a full and fair holding on the merits, the justification for the result in *T.R.* must give way to the equal protection rights of illegitimate children recognized in *Mills v. Habluetzel* (1982), 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770. Thus, this case is controlled by *Matter of M.D.H.* (1982), Ind.App., 437 N.E.2d 119, holding that a dismissal with prejudice where the child was not a party will not bar a subsequent action by the child to establish paternity although it will bar any claim by the mother.

*P.N.B.*, 531 N.E.2d at 1203.

The import of *P.N.B.* to the case before us is clear. If the Child here were a party to the 1982 action, then, as Respondent contends, the doctrine of *res judicata* will bar the 1988 action. On the other hand, if the Child were not a party to that prior suit, then the doctrine is not applicable because the earlier action was not fully litigated. We hold the Child in the case before us was not a party to the 1982 action and therefore the doctrine of res judicata does not apply.

■ In both the 1982 and the 1988 actions Mother was represented by the Child Support Division of the Prosecutor's Office. Both suits sought to establish paternity in order to institute a support obligation on part of the Respondent. Although securing support and education for a child born out of wedlock is the primary purpose of a paternity action, *Rundel v. Shady* (1986), Ind.App., 492 N.E.2d 694, the interest of a child in establishing paternity is not limited to child support. A child

---

**2.** The dismissal of the 1982 action under Trial Rule 41(E) operated as an adjudication on the merits pursuant to Trial Rule 41(B).

**3.** Repealed by Acts 1978, P.L. 136, Section 57 and replaced by Ind.Code § 31–6–6.1–1 et seq.

born out of wedlock who establishes paternity in a timely fashion has certain rights to inherit from the father, Ind.Code § 29-1-2-7(b), as well as certain rights to claim other economic benefits upon the death of the father. *S.V. v. The Estate of James A. Bellamy* (1991) Ind.App., 579 N.E.2d 144. These rights, in addition to the right to receive payment of child support, are of constitutional dimension and are entitled to protection under the equal protection clause of the United States Constitution. *Mills v. Habluetzel* (1982), 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770.

The question before us today, therefore, is: will a failure of the Mother and her legal counsel to prosecute a paternity action, which leads to dismissal of that suit, cause the Child to irretrievably surrender, on *res judicata* grounds, the constitutionally protected right to secure the economic benefits of establishing paternity? In light of the interests involved and the manifest purpose of the statutory scheme to promote the welfare of the Child, *Rundel, supra*, we hold this result can only be justified where the Child was clearly named as a party in the prior proceeding. We cannot accept the foreclosure of the Child's rights on any lesser showing.

The caption on the 1988 petition in this case denominates the action as one to establish paternity of the Child N.W.S. and affirmatively names N.W.S. as the petitioner by his Mother as next friend. In contrast, although the caption on the 1982 petition also denominates the action as one to establish the paternity of N.W.S., it does not clearly name N.W.S. as petitioner. Rather, Mother is named as petitioner. Naming Mother only as petitioner is woefully inadequate to divest N.W.S. of his right to seek the economic benefits derived from establishing paternity. *P.N.B, supra.*

We do not here suggest that a detailed and carefully worded caption on a paternity petition is required in order to show a child has been made a party to the action. For example, "In the Matter of the Paternity of: N.W.S. by his next friend S.L.S." or simply "N.W.S. by next friend S.L.S." would reasonably show the action is brought with the child as a party. However, a petition to establish paternity must show with crystal clarity that the child is actually a party to the action and not simply the subject or object of the action. Otherwise, dismissal without a trial on the merits will not bar a subsequent lawsuit. In the case before us, the 1982 petition was encaptioned "In the Matter of the Paternity of N.W.S." Without more, this wording does not suffice to create party status for N.W.S., and *P.N.B* controls the outcome of this case.

Respondent further contends N.W.S., as a necessary party, was automatically included in the prior action under the provisions of the paternity statute which dictates in pertinent part: "In every case, the child, the child's mother and any person alleged to be the father are necessary parties to the action." Ind.Code § 31-6-6.1-2(c). We disagree. A "necessary party" is not a presumptive party under the terms of the statute. Rather, a necessary party is one who must be joined in the action for just adjudication. *See, City of Evansville v. Byers* (1964), 136 Ind.App. 448, 202 N.E.2d 399, 401; Ind.Trial Rule 19. In the record before us, there is no indication N.W.S. was joined as a party to the 1982 action.

Dissenting in *T.R., supra,* Judge Garrard presaged the present situation:

> Under [I.C. § 31-6-6.1-2], unlike its predecessor, the child is a necessary party to the paternity action. Had this statute been in effect in 1977 when the mother filed the initial petition, and *assuming the child would have been made a party as required before maintaining the action,* the doctrine of res judicata would bar the present suit by the child. (Emphasis added.)

470 N.E.2d at 99. That is, the paternity statute resolves the *res judicata* problem as to parties if the statute is followed. Here, both paternity petitions were filed after the enactment of I.C. § 31-6-6.1-2. However, the statute does not create party status for the Child *ipso facto*. Rather, the Child must be specifically joined as a party to the lawsuit.

The doctrine of *res judicata* does not bar the present action and the trial court did not abuse its discretion in denying Respondent's motion to set aside the judgment on those grounds.

The judgment of the trial court is affirmed.

CONOVER, J., concurs.

BARTEAU, J., concurs in result.