Maynard MARSH, Appellant–Respondent,

v.

In re the PATERNITY OF Michael Paul RODGERS by his next friend Marilyn K. RODGERS, Appellee–Petitioner.

No. 10A05–9507–CV–286.

Court of Appeals of Indiana.

Dec. 12, 1995.

Daniel E. Moore, Jeffersonville, for Appellant.

Anne Marie Sedwick, Lorch & Naville, New Albany, for Appellee.

## OPINION

BARTEAU, Judge.

Maynard Marsh appeals the trial court denial of his motion to dismiss a paternity action under Ind.Trial Rule 12(B)(6). His interlocutory appeal raises two issues, which we restate as follows:

1. Whether a Kentucky judgment dismissing with prejudice a paternity action against Marsh bars a subsequent Indiana paternity action brought by the child where the prior action was brought by the Commonwealth of Kentucky with the child's mother as relator; and

2. Whether a prior judgment dismissing a paternity action is a judgment on the merits where it was the result of a settlement agreement negotiated by the parties and supported by a lump sum cash payment to the mother.

We affirm.

## FACTS

In 1979, the Commonwealth of Kentucky, with the appellee Marilyn Rodgers (Rodgers) as relator, brought a paternity action against Marsh in the Jefferson County, Kentucky District Court. The action was initiated because Rodgers was receiving Aid for Dependent Children benefits in Kentucky, and receipt of those benefits obliged her to cooperate in the establishment of paternity against the alleged father. The parties negotiated a cash settlement of one thousand dollars, though Marsh never admitted paternity, and the action was dismissed with prejudice in an "Agreed Order Dismissing Settled" entered by the Kentucky court on October 23, 1979.

█ Over fifteen years later, in January of 1995, Rodgers's child Michael Paul Rodgers (Michael), through Rodgers as his next friend, brought a Petition to Establish Paternity in the Clark County, Indiana, Superior Court. The petition alleged Marsh was the child's father, and Marsh responded to it with a Motion to Dismiss under Ind.Trial Rule 12(B)(6), noting that the prior Kentucky paternity action had been dismissed with prejudice.[1]

## DISCUSSION

█ The doctrine of *res judicata* bars the relitigation of a claim after a final judgment has been rendered, when the subsequent action involves the same claim between the same parties or their privies. *J.D. v.*

1. We note that Marsh supported his T.R. 12(B)(6) motion with matters outside the pleadings—specifically, the case record from the Kentucky court and Marsh's affidavit. That has the effect of converting his motion to a T.R. 56 Motion for Summary Judgment. T.R. 12(B). Accordingly, we will treat the trial court's denial of Marsh's T.R. 12(B)(6) motion as a denial of a Motion for Summary Judgment. Our standard of review is the same for either; we must determine whether the trial court erred in its application of the law. *Indiana and Michigan Electric Co. v. Terre Haute Industries, Inc.* (1984), Ind.App., 467 N.E.2d 37, 42 n. 2. All close questions on review of denial of a motion for summary judgment should be resolved in favor of the non-moving party. *Id.* at 43.

*E.W.* (1993), Ind.App., 610 N.E.2d 289, 290. Four requirements must be satisfied for a claim to be precluded under that doctrine: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between parties to the present suit or their privies. *Id.*

Michael concedes that the Kentucky court had jurisdiction to render the former judgment, and that the matter now in issue, Marsh's paternity, was or might have been settled in the prior action. However, he argues that he was neither a "party" to the Kentucky action nor a privy to any party, and that the former judgment was not rendered on the merits for purposes of application of the res judicata doctrine.

Under the Kentucky paternity statute in effect at the time of the prior judgment, the child was not a necessary party to a paternity action. Michael was not named as a party to the action, which was brought by the Commonwealth of Kentucky with Rodgers as relator. Thus, the res judicata effect of the Kentucky judgment turns on whether Michael was a "privy" to his mother or to the Commonwealth in that action. Because Michael's interests in the prior action were not identical to those of either named party, nor were they necessarily fully represented by either, he was not a privy to either named party.

■■■ The term "privity" describes the identity of interests that may connect persons to such an extent that one not a party to an action may nevertheless be bound by the judgment in that action. *In re Estate of Nye* (1973), 157 Ind.App. 236, 299 N.E.2d 854, 869, *petitions for reh'g overruled* (1973), 157 Ind.App. 236, 301 N.E.2d 786. The term includes those who control an action though not a party to it, and those whose interests are represented by a party to the action. *Id.* Michael was about two months old when the Kentucky complaint was filed, so he presumably did not "control" the action. The Kentucky action was initiated by the Common-

wealth because Rodgers was receiving Aid for Dependent Children from the Commonwealth for Michael's support. By applying for AFDC benefits, Rodgers agreed to cooperate in the establishment of paternity against the alleged father under penalty of law, and the action was initiated primarily, if not solely, for purposes of collecting child support. The Jefferson County Attorney's complaint asked that Marsh be declared the father of Michael, and it asked for a reasonable sum for Michael's support, education, and maintenance, and for the reasonable expenses of Rodgers's pregnancy and confinement.

Michael's interests were not identical to those of Rodgers, who was applying for AFDC benefits, nor those of the Commonwealth, which was seeking to limit its AFDC expenditures. *See Matter of Paternity of J.J.H.* (1994), Ind.App., 638 N.E.2d 815, 817, *reh'g denied, transfer denied* (noting that while a paternity action allows a child to secure a number of economic benefits from the father, the only interest the Department of Public Welfare has in a child's paternity action is the collection of child support). We have recognized that a child's interests in a paternity action can vary from those of the parents or the State in a number of significant ways:

> The child's interests in a paternity determination include inheritance rights, social security survivor benefits, employee death benefits, and in some instances, proceeds of life insurance policies. A child's interests may also include the establishment of familial bonds, indoctrination into cultural heritage, and knowledge of the family's medical history.

*Clark v. Kenley* (1995), Ind.App., 646 N.E.2d 76, 79, *transfer denied.*

The likelihood that the child's interests might not be fully represented in a paternity action brought by a parent or the State is even greater where, as here, the action was not fully litigated and there was no judgment that the defendant was or was not the father. In *P.N.B. by J.L.S. v. J.L.D.* (1988), Ind.App., 531 N.E.2d 1203, *reh'g denied, transfer denied,* we held that a prior paternity action brought by the mother did not bar a subse-

quent action brought by the child when the prior proceeding was dismissed with prejudice by an agreed entry. Distinguishing decisions which gave res judicata effect to prior actions which were tried on the merits, we noted the difference was "crucial" and held that "[a]bsent a full and fair hearing on the merits, the justification for the [res judicata result] must give way to the equal protection rights of children. . . ." *Id.* at 1203.

Like the agreed entry in *P.N.B.*, the Kentucky "Agreed Order Dismissing Settled" was not a judgment "on the merits" sufficient to bar Michael's current action. As explained above, Michael was not a party to the agreed order. There is no evidence in the record that his various interests in establishing paternity, which do not necessarily correspond with the Commonwealth's interest in the collection of child support, were litigated "on the merits" or that they were addressed at all in the course of the negotiations among the parties, which negotiations resulted in dismissal in exchange for a one thousand dollar cash payment to the mother.

For that reason, a dismissal with prejudice based on an agreed order entered into by the defendant, the mother, and the State pursuant to an application for AFDC benefits is not a judgment on the merits which bars a subsequent paternity action by the child when the child was not a party to the prior action. Because the child was not a privy to any party to the prior action, and because the prior action was not a judgment on the merits, the trial court denial of Marsh's Motion for Summary Judgment is AFFIRMED.

SHARPNACK, C.J., and STATON, J., concur.