HERMITAGE INSURANCE CO. and
Alumatech, Inc., Appellant–
Defendant,

v.

Jack SALTS, Appellee–Plaintiff.

No. 23A01–9804–CV–157.

Court of Appeals of Indiana.

Aug. 31, 1998.

Robert W. Johnson, Vaughn and Vaughn, Lafayette, Jeffrey B. Gold, Israelson & Gold, Plainview, NY, for Appellant–Defendant.

Don P. Campbell, Wallace Campbell Bunch Shambach Rennick & Orr, Covington, for Appellee–Plaintiff.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Garnishee/Defendant Hermitage Insurance Co. ("Insurance Company") appeals the order entered in these proceedings supplemental brought by Appellee–Plaintiff Jack Salts ("Salts") which requires Insurance Company to pay the judgment entered on a jury verdict/judgment in the amount of $185,165.11 entered against Defendant Alumatech, Inc. ("Alumatech"). We affirm.

### Issue

Insurance Company raises two issues. However, because one is dispositive, we address it only. Restated, it is whether the trial court's determination that Insurance Company, which had controlled the defense of its insured whose liability beyond the instant insurance proceeds had been discharged in bankruptcy, was estopped from raising a coverage exclusion during proceedings supplemental, is clearly erroneous.

### Facts

The operative facts are undisputed. On November 25, 1992, Salts purchased a dump trailer from Alumatech for $39,725.00 for use in his trucking business. (R. 11, 165–66). Less than five months later the trailer broke due to a manufacturing defect causing extensive damage, not only to the trailer, but to Salt's semi-tractor which was pulling the trailer. (R. 11). Salts brought a lawsuit against Alumatech for the loss of value to the trailer and the tractor, repair bills, and loss of income. (R. 11).

Insurance Company insured Alumatech under a Completed Operations and Products Manufacturers' and Contractors' Liability Insurance policy. (R. 348). Alumatech filed for bankruptcy. (R. 28). Salts and Alumatech entered into a stipulation for relief from

the automatic bankruptcy stay under Bankruptcy Rule 4001 to permit Salts' lawsuit to proceed "to the extent Salts can collect any judgment from proceeds from [Alumatech's] insurer, [Insurance Company]." (R. 34). Alumatech's liability to Salts was discharged in bankruptcy. (R. 149). Thus, at all times, Insurance Company, through its counsel, provided a defense for Alumatech. (R. 150).

Alumatech, through Insurance Company, admitted liability to Salts. (R. 150). The issue of the amount of damages was tried to a jury. (R. 150). At trial, Salts submitted proof in support of his claim for damages in an amount exceeding $250,000.00. (R. 150). The jury returned a verdict in favor of Salts for $185,165.11. (R. 109, 150). The trial court entered judgment on the verdict. (R. 150).

Insurance Company tendered Salts a check for $145,415.11 representing the judgment less the $39,725.00 purchase price of the trailer. (R. 111). Insurance Company asserted, and continues to assert, that it is entitled to the deduction from the judgment because damage to Alumatech's work or product was excluded under the policy.[1] (R. 149–50).

Salts rejected the payment and filed the instant proceedings supplemental under Ind. Trial Rule 69(E) to collect the entire judgment. After a hearing, the trial court entered judgment in favor of Salts for the full amount of the judgment based on its finding that Insurance Company was estopped from asserting the policy exclusions because it had failed to litigate the issue during the jury trial. (R. 151). In its determination, the trial court found that, due to Alumatech's bankruptcy, Insurance Company was "in effect the real party in interest." (R. 151). Additionally, the trial court specifically found that, although damage to Alumatech's work or product had been subject to exclusions under the policy, Insurance Company failed to demonstrate that the jury's award included the entire $39,725.00 purchase price for the trailer because the evidence was undisputed that the trailer was still in use and had

not been a total loss. (R. 150–51). This appeal ensued.

## Discussion and Decision

### Standard of Review

■ On appeal of a bench decision, the appellate court will not set aside the judgment unless it is clearly erroneous. Ind. Trial Rule 52(A). When the trial court enters findings on its own motion (as in the present case), specific findings control only as to issues they cover while a general judgment standard applies to any issue upon which the court has not found. *Matter of Estate of Burmeister*, 621 N.E.2d 647, 649 (Ind.Ct.App.1993). The reviewing court will affirm if the judgment can be sustained on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Klebes v. Forest Lake Corp.*, 607 N.E.2d 978, 982 (Ind.Ct.App.1993), *trans. denied*. Where trial court findings on one legal theory are adequate, findings on another legal theory amount to mere surplusage and cannot constitute the basis for reversal even if erroneous. *Williams v. Rogier*, 611 N.E.2d 189, 196 (Ind.Ct.App.1993), *trans. denied*; *Donavan v. Ivy Knoll Apartments Partnership*, 537 N.E.2d 47, 52 (Ind.Ct.App. 1989).

### Proceedings Supplemental

■ The trial court is vested with broad discretion in conducting proceedings supplemental. *Kirk v. Monroe County Tire*, 585 N.E.2d 1366, 1370 (Ind.Ct.App.1992). Under T.R. 69, proceedings supplemental are initiated under the same cause number in the same court which entered judgment against the defendant. *National Mutual Ins. Co. v. Sparks*, 647 N.E.2d 375, 376 (Ind.Ct.App. 1995), *trans. denied*. Proceedings supplemental are summary in nature and the judgment-debtor is not afforded all the due process protections ordinarily afforded to civil defendants because the claim has been determined to be a justly owed debt reduced to judgment. *Id.* at 377. A proceeding supplemental under T.R. 69 is not an independent action asserting a new or different claim

---

1. The validity of the policy exclusion related to the insured's work or product is well-established. *See Indiana Ins. Co. v. DeZutti*, 408 N.E.2d 1275, 1279–80 (Ind.1980).

from the claim upon which the judgment was granted, but is merely a proceeding to enforce the earlier judgment. *Citizens National Bank v. Harvey*, 167 Ind.App. 582, 339 N.E.2d 604, 608–09 (1976). "The T.R. 69 petition speaks only to *how* the claim is to be satisfied, whereas the complaint in the original action speaks to *whether* the claim should be satisfied." *Id.* at 609. Proceedings supplemental are merely a continuation of the underlying claim and may not be used to collaterally attack the underlying judgment. *Koors v. Great Southwest Fire Ins. Co.*, 538 N.E.2d 259, 260 (Ind.Ct.App.1989).

In proceedings supplemental to recover judgment from a liability insurer, the judgment creditor bears the burden of showing a judgment, the insurance policy, and facial coverage under the policy. *Town and Country Mutual Ins. Co. v. Sharp*, 538 N.E.2d 6, 9 (Ind.Ct.App.1989), *trans. denied.* Once the judgment creditor establishes this prima facie case, it is incumbent upon the liability insurer to go forward with evidence creating a genuine issue of fact. *Snodgrass v. Baize*, 409 N.E.2d 645, 647 (Ind.Ct.App. 1980).

### Res Judicata/Collateral Estoppel

The principle of res judicata and/or collateral estoppel is the prevention of repetitious litigation of essentially the same dispute. *Scott v. Scott*, 668 N.E.2d 691, 699 (Ind.Ct.App.1996). The doctrine of res judicata bars relitigation of a claim after a final judgment has been rendered when the subsequent action involves the same claim between the same parties or their privities. *Marsh v. Paternity of Rodgers by Rodgers*, 659 N.E.2d 171, 172 (Ind.Ct.App.1995). Similarly, an "estoppel by judgment" or an "estoppel by verdict" takes place when a prior adjudication on the merits by a court of competent jurisdiction acts as a bar to a subsequent action on the same claim between the same parties or those in privity with them. *Watson Rural Water Co., Inc. v. Indiana Cities Water Corp.*, 540 N.E.2d 131, 135 (Ind.Ct. App.1989), *trans. denied.* The following four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata:

1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, *or could have been*, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit *or their privies.*

*Marsh*, 659 N.E.2d at 173 (emphasis added); *See also Popp v. Hardy*, 508 N.E.2d 1282, 1286 (Ind.Ct.App.1987). The *Marsh* court noted that the term "privity" describes the identity of interests that may connect persons to such an extent that one not a party to an action may nevertheless be bound by the judgment in that action. 659 N.E.2d at 173. The term "privity" includes those who were in control of the earlier action even though they were not a party to it, and those whose interests are represented by a party to the action. *Id.*

Ordinarily, an insurer required to protect another from liability is bound by the result of litigation to which the insured is a party, provided the insurer had notice of the litigation and an opportunity to control the defense. *Hoosier Cas. Co. v. Miers*, 217 Ind. 400, 27 N.E.2d 342, 344 (1940). It is widely recognized that, with respect to insured-insurer disputes, when an insurance company assumes the defense of an action against its insured, without reservation of rights, and with knowledge of facts which would have permitted it to deny coverage, it may be estopped from subsequently raising the defense of noncoverage. *First United Bank of Bellevue v. First American Title Ins. Co.*, 242 Neb. 640, 496 N.W.2d 474, 480 (1993); *Pennsylvania National Mut. Cas. Ins. Co. v. Kitty Hawk Airways, Inc.*, 964 F.2d 478 (5th Cir.1992); *Sauer v. Home Indemnity Co.*, 841 P.2d 176 (Alaska 1992); *National Indemnity Co. v. Ryder Truck Rental, Inc.*, 230 A.D.2d 720, 646 N.Y.S.2d 169, 170 (1996); *American General Fire and Cas. Co. v. Progressive Cas. Co.*, 110 N.M. 741, 799 P.2d 1113 (1990); *City of Carter Lake v. Aetna Cas. and Surety Co.*, 604 F.2d 1052 (8th Cir.1979). An insurer may not sit idly by and wait until an adverse judgment is entered before raising a dispositive defense.

*American Underwriters, Inc. v. Curtis,* 427 N.E.2d 438, 441 (Ind.1981).

■ In the present case, once Alumatech had filed for bankruptcy protection, the entire focus of the lawsuit was whether Salts was entitled to any insurance proceeds from Insurance Company. Insurance Company conceded liability and the issue of damages was tried to the jury. However, Insurance Company never, until after the verdict was returned and judgment entered, raised the issue of the exclusions under the policy related to Alumatech's work or product. Thus, neither the evidence submitted at trial nor the jury instructions had been crafted or fashioned in a manner to produce the appropriate measure of Insurance Company's liability under the policy. At this point, it is impossible to determine what portion of the jury's award could be attributed to Alumatech's product or work which would have been appropriately excluded from coverage under the policy. *See Symon v. Burger,* 528 N.E.2d 850, 853 (Ind.Ct.App.1988) (it is impossible to look into the minds of jurors and determine how they reached a verdict). We may be certain, however, that the entire purchase price of the trailer, which Insurance Company claims should be deducted from the judgment, is not an appropriate amount because the evidence at trial was undisputed that the trailer was still in use and was not a complete loss. Therefore, under the present circumstances, we cannot conclude that the trial court's determination that Insurance Company was estopped from raising the policy exclusions for the first time in proceedings supplemental is clearly erroneous.

Affirmed.

BAKER and DARDEN, JJ., concur.