**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**LINDA G. NICHOLSON**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| D.B., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1201-PC-18 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1003-PC-10

**October 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

D.B. was convicted of murder, a felony, and sentenced to sixty years in prison with five years suspended to probation. The post-conviction court denied his claim that he received ineffective assistance of trial counsel. He raises one issue for our review, which we restate as whether the post-conviction court erred in denying his petition for post-conviction relief. Concluding the post-conviction court did nor err, we affirm.

## Facts and Procedural History

On March 8, 2008, Elkhart police responded to a report of gunshots and found Gerald Wenger dead with a single bullet wound. The State charged D.B. with murder, a felony, and the juvenile court waived his charges to an adult felony court. A joint jury trial was held for D.B. and codefendant Joshua Love. Among the evidence offered was the testimony of jail house informer Mario Morris.

Morris testified that he spoke with D.B. and Love individually and on separate occasions in prison. Morris recounted the details of the conversations for the jury, explaining that each man separately confessed to his respective involvement in Wenger's murder, and that neither codefendant mentioned nor implicated the other in any way. Although no objection was made during Morris's testimony, D.B. moved for a mistrial when Morris finished testifying, arguing that admitting Morris's testimony was a violation of D.B.'s constitutional rights under Bruton v. U.S. because he could not compel Love to testify.[1] Since Morris's account of Love's confession made no mention of D.B., and vice versa, the trial court concluded that the defendants' conversations did not inculpate one another and thus denied the motion. D.B. was found guilty of murder, a

---

[1] Bruton, 391 U.S. 123 (1968). Violation criteria will be explained in the discussion.

felony, and was sentenced to an aggregate term of sixty years in prison with five years suspended to probation.

D.B. appealed his conviction on several issues, including a claim that the trial court had abused its discretion in denying his motion for a mistrial on account of a Bruton violation. This court found that no Bruton violation occurred and affirmed the trial court. D.B. v. State, 916 N.E.2d 750, *3 (Ind. Ct. App. 2010)(Table), trans. denied.

D.B. thereafter filed a petition for post-conviction relief, claiming his trial counsel was ineffective because he failed to file a motion to sever D.B.'s trial from that of his codefendant. The post-conviction court concluded D.B. failed to establish his counsel acted unreasonably, and it denied the petition. D.B. now appeals.

Discussion and Decision

I. Standard of Review

D.B. argues that the post-conviction court erred in denying his petition for post-conviction relief. On post-conviction relief, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

> A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

Roberts v. State, 953 N.E.2d 559, 562 (Ind. Ct. App. 2011) (citations omitted), trans. denied.

3

## II. D.B's Ineffective Assistance of Trial Counsel Claim

D.B. argues that he did not receive effective assistance of trial counsel based on his counsel's failure to move to sever D.B.'s trial from that of his codefendant.

> In order to prevail on a claim of ineffective assistance of counsel, defendant must show that (i) defense counsel's representation fell below an objective standard of reasonableness and (ii) there is a reasonable probability that the result of the proceeding would have been different but for defense counsel's inadequate representation.

Cook v. State, 675 N.E.2d 687, 692 (Ind. 1996) (citing Strickland v. Washington, 466 U.S. 668 (1984)).

D.B. argues that admission of Morris's testimony of the two conversations was a Bruton violation and that counsel, if acting reasonably, would have moved to sever the trial from that of his codefendant. In Bruton, the Supreme Court found that "a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial[.]" Richardson v. Marsh, 481 U.S. 200, 207 (1987) (citing Bruton, 391 U.S. at 135-136). In our previous opinion on D.B.'s direct appeal, we recognized that, had a Bruton violation occurred, trial counsel would have waived the right to appeal that issue by failing to move to sever the trial from that of D.B.'s codefendant. Whether counsel's failure would have been unreasonable, however, is irrelevant as this court went on to decide that no Bruton violation occurred.

D.B. tries to revisit the issue of whether there was a Bruton violation. "[R]es judicata bars relitigation of a claim after a final judgment has been rendered when the subsequent action involves the same claim between the same parties[.]" Hermitage Ins. Co. v. Salts, 698 N.E.2d 856, 859 (Ind. Ct. App. 1998). "The doctrine of res judicata

4

prevents the repetitious litigation of that which is essentially the same dispute." Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000) (emphasis and citations omitted)(cert. denied, 534 U.S. 1164 (2002)).

D.B. tries to circumvent res judicata by arguing that the issue of ineffective assistance of counsel is separate from the issue of whether a Bruton violation occurred. However, "[a] petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error." Shepherd v. State, 924 N.E.2d 1274, 1281 (Ind. Ct. App. 2010) (quoting Reed v. State, 856 N.E.2d 1189, 1194 (Ind. 2006)), trans. denied. This is precisely what D.B. is attempting to do, as the only error D.B. alleges counsel made was failing to avert a Bruton violation.

D.B. also attempts to avoid res judicata by arguing that the Bruton issue was not previously decided on the merits because this court did not address the holdings of Cruz v. New York, 481 U.S. 186 (1987), and Lee v. Illinois, 476 U.S. 530 (1986). In Cruz, the Supreme Court held:

> where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him."

481 U.S. at 193 (reference omitted); see also Lee v. Illinois, 476 U.S. at 541 (stating "the Court has spoken with one voice in declaring presumptively unreliable accomplices' confessions that incriminate defendants."). D.B. argues that Morris was an unreliable informant and that his testimony lacked sufficient indicia of reliability under the Lee standard. The Cruz and Lee analyses, however, only apply to a "nontestifying

5

codefendant's confession <u>incriminating the defendant</u>." <u>Cruz</u> 481 U.S. at 193 (emphasis added).   Neither <u>Cruz</u> nor <u>Lee</u> modify the <u>Bruton</u> violation requirement that the codefendant's pretrial statement be "facially incriminating" to the defendant. <u>Richardson</u>, 481 U.S. at 207. As this court stated previously, "[e]ach codefendant confessed to his respective involvement in the crime and provided essentially identical details.  Thus, each was implicated by his own statements to Morris alone, not by the statements of the other codefendant." <u>D.B v. State</u>, 916 N.E.2d at *3.

D.B. fails to prove his counsel's representation fell below an objective standard of reasonableness.   As counsel's representation has not been shown to have been unreasonable, we need not address whether there is a reasonable probability that the result of the proceeding would have been different but for defense counsel's alleged inadequate representation.

Conclusion

In support of his claim that he received ineffective assistance of trial counsel, D.B. fails to raise any issue apart from that of an alleged <u>Bruton</u> violation, an issue already decided and barred from reconsideration by res judicata.  The post-conviction court did not err when it denied D.B.'s petition for post-conviction relief.  Therefore, we affirm the denial of his petition.

Affirmed.

BAKER, J., and BRADFORD, J., concur.