MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 21 2017, 10:42 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ross J. Lerch
Fenton & McGarvey Law Firm, PSC
Louisville, Kentucky

IN THE
# COURT OF APPEALS OF INDIANA

Ozark Capital Corp.,

*Appellant-Plaintiff,*

v.

Lynn K. Kurzendorfer,

*Appellee-Defendant.*

November 21, 2017

Court of Appeals Case No.
82A04-1706-CC-1233

Appeal from the Vanderburgh
Superior Court

The Honorable Mary Margaret
Lloyd, Judge

Trial Court Cause No.
82D03-0312-CC-5287

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Ozark Capital Corp. (Ozark), appeals the trial court's denial of its verified motion for proceedings supplemental.

We reverse and remand with instructions.

# ISSUE

Ozark presents us with two issues on appeal, which we restate as: Whether the trial court, during a proceedings supplemental hearing, can *sua sponte* vacate an underlying summary judgment, entered on October 27, 2004.

# FACTS AND PROCEDURAL HISTORY

On March 10, 2003, CACV of Colorado, LLC (CACV) was awarded damages in the amount of $5,198.73 by the National Arbitration Forum. CACV obtained this award against Appellee-Defendant, Lynn K. Kurzendorfer (Kurzendorfer), pursuant to an arbitration clause contained in the cardholder agreement consented to by Kurzendorfer for use of a credit card. On December 9, 2003, CACV filed a Complaint against Kurzendorfer to confirm the arbitration award in its favor. On September 13, 2004, CACV filed a motion for summary judgment and designation of evidence. On October 27, 2004, the trial court conducted a hearing on CACV's motion and "over [Kurzendorfer's] objection, court grants same. [Kurzendorfer] orally requests [CACV] to provide information regarding original arbitrated credit card amount. Court grants same. [CACV] to supply requested information to [Kurzendorfer] on or before

11/28/01." (Appellant's App. Vol. II, p. 3).  The trial court's entry of summary judgment noted that

> the [c]ourt having examined the pleadings and affidavits submitted in support of this motion and [Kurzendorfer], having failed to file any opposing affidavits raising material issues of fact, the [c]ourt now finds there is no genuine issue as to any material fact and therefore sustains [CACV's] [m]otion and finds that there is no just reason for delay and [CACV] is entitled to judgment as a matter of law.

(Appellant's App. Vol. II, p. 26).  No indication exists that CACV ever provided Kurzendorfer with the requested information.

[5]     On November 9, 2005, and March 3, 2006, respectively, CACV twice requested and was granted proceedings supplemental hearings.  Each time, the trial court continued the hearing and ordered CACV to provide the requested information on the arbitrated credit card amount.  Eventually, on January 30, 2007, the trial court dismissed the proceedings supplemental for CACV's failure to respond to discovery.  In 2012, Ozark purchased the judgment from CACV and was granted leave by the trial court on March 29, 2012, to join the cause as plaintiff.

[6]     Ozark pursued the judgment via numerous motions for proceedings supplemental, which were granted on November 19, 2010, March 23, 2015, May 9, 2016, and all were continued and eventually dismissed.  On December 9, 2016, Ozark filed its latest motion for proceedings supplemental, which the trial court scheduled for a hearing on March 23, 2017.  During the hearing, Kurzendorfer responded to Ozark's motion by informing the trial court that he

had yet to receive the requested information of "a copy of credit card statement and signed receipts, something showing what this money was spent on[.]" (Transcript p. 6). After review, the trial court responded:

> [CACV] was ordered to provide it on or before November 29 of '04, November 3 of '04 the judgment was entered into the order book. January 23 of '07, I ordered this again, ended up the P/S was just dismissed at a later date as opposed from this being answered and other times [CACV] counsel's just failed to appear on the P/S, that was in July 1 of 2008. I understand you're a later attorney on this, but the [c]ourt has been ordering this information for basically 12 ½ years and not obtained it, not [sic] it's at the P/S stage. The [c]ourt has ordered it multiple times and never obtained this. The [c]ourt will deny your request.
>
> * * * *
>
> Probably the summary judgment of 2004 should never have been granted since this information was outstanding and never supplied. The court on its own motion will reconsider the entry of judgment on October 27, '04, since the information was requested on that date and not supplied and apparently I did not have enough information to grant this and should not have granted it, so I'm setting aside my judgment on that date.

(Tr. pp. 7-8).

[7] Ozark now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] At the outset, we note that Kurzendorfer has elected not to submit an appellee's brief. When an appellee does not submit a brief, an appellant may prevail by

making a *prima facie* case of error, a less stringent standard. *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 816 (Ind. Ct. App. 2005). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Id*. "The *prima facie* error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee." *Id*.

[9] Proceedings supplemental to execution are enforced by verified motion alleging that "the plaintiff owns the described judgment against the defendant" and that the "plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment[.]" Ind. Trial Rule 69(E); *see also* Ind. Code §§ 34-55-8-1 through -9. The only issue presented in proceedings supplemental is that of affording the judgment-creditor relief to which she is entitled under the terms of the judgment. *Lewis*, 831 N.E.2d at 817.

[10] The trial court is vested with broad discretion in conducting proceedings supplemental. *Hermitage Ins. Co. v. Salts*, 698 N.E.2d 856, 858 (Ind. Ct. App. 1998). Under T.R. 69, proceedings supplemental are initiated under the same cause number in the same court which entered judgment against the defendant. *Id*. Proceedings supplemental are summary in nature and the judgment-debtor is not afforded all the due process protections ordinarily afforded to civil defendants because the claim has already been determined to be a justly owed debt reduced to judgment. *Id*. A proceeding supplemental under T.R. 69 is not an independent action asserting a new or different claim from the claim upon which the judgment was granted, but is merely a proceeding to enforce the

earlier judgment. *Id*. The T.R. 69 petition speaks only to how the claim is to be; whereas the complaint in the original action speaks to whether the claim should be satisfied. *Id*. Proceedings supplemental are merely a continuation of the underlying claim and may not be used to collaterally attack the underlying judgment. *Id*.

[11] Although Indiana Trial Rule 60 governs relief from judgments or orders in civil cases, our supreme court has unequivocally held that this rule does not permit a trial court to *sua sponte* set aside a judgment, unless it is merely to correct a clerical mistake as permitted by subsection (A) of the rule. *See State ex rel. Dale v. Superior Court of Boone Co.*, 299 N.E.2d 611, 611-12 (Ind. 1973). Otherwise, a judgment can only be set aside by a party filing a motion under subsection (B) of the rule and after a hearing has been conducted under subsection (D).

[12] After "having examined the pleadings and affidavits submitted in support" of CACV's motion for summary judgment, the trial court found "no just reason for delay" and entered summary judgment in favor of CACV as "a matter of law" on October 27, 2004. (Appellant's App. Vol. II, p. 26). Thereafter, every time CACV filed a verified petition for proceedings supplemental, the trial court continued the hearing and ordered CACV to provide Kurzendorfer with the requested information of the arbitrated credit card amount. Eventually, on March 23, 2017, the trial court vacated the 2004 entry of summary judgment *sua sponte* because "apparently [the trial court] did not have enough information to grant this and should not have granted it[.]" (Tr. pp. 7-8).

[13] Because there is no claim of clerical mistake in the 2004 summary judgment entry and Kurzendorfer never filed a motion to set aside the summary judgment pursuant to T.R. 60(B), the trial court lacked authority to set it aside *sua sponte*. Moreover, we perceive no basis upon which the summary judgment could have been set aside under T.R. 60(B). Kurzendorfer was fully aware of the summary judgment proceeding and was present at the hearing. Accordingly, there is no "mistake, surprise, or excusable neglect," nor is there any "ground for a motion to correct error." T.R. (60)(B)(1) & (2). There is no evidence of fraud, misrepresentation, or misconduct on the part of CACV or Ozark, nor is the judgment void or satisfied. *See* T.R. 60(B)(4), (6) & (7).[1] Rather, by continuously requesting the information establishing the arbitrated credit card amount after the entry of summary judgment, Kurzendorfer is attempting to collaterally attack the underlying summary judgment–which is not allowed in proceedings supplemental. *See Hermitage Ins. Co.*, 698 N.E.2d at 858. Accordingly, as the trial court was without authority to *sua sponte* vacate the summary judgment, we reverse the trial court's decision and we remand to the trial court to conduct proceedings supplemental in accordance with this opinion.[2]

---

[1] While T.R. 60(B)(8) provides that a court may relieve a party from a judgment based on any reason justifying relief, this provision only applies by motion of a party, which Kurzendorfer failed to file.

[2] Ozark requests this court to not only reverse the trial court's order to vacate the summary judgment, but also to reverse the trial court's denial of Ozark's request for issuance of a final order of garnishment. Our review of the transcript reflects that the trial court focused on Kurzendorfer's allegation of missing evidence to vacate its earlier entry of summary judgment, rather than on the requirements of a garnishment order

## CONCLUSION

Based on the foregoing, we reverse the trial court's order, vacating its entry of summary judgment *sua sponte*.

Reversed and remanded.

Robb, J. and Pyle, J. concur

---

enumerated in I.C. § 34-55-8-7(a). Accordingly, we must remand to the trial court for evaluation of Ozark's request for a final order and garnishment.