**JAMES GARRETT SMALL,**
**Appellant–Plaintiff,**

v.

**CENTOCOR, INCORPORATED,** Eli **Lilly & Company, Community Hospitals Indiana, Robert S. Joseph, Steven A. Norris, James H. Dobson, Phyllis Garrison (f/k/a Einsweiller), Appellees–Defendants.**

No. 49A02–9910–CV–694.

Court of Appeals of Indiana.

June 26, 2000.

Rehearing Denied Aug. 10, 2000.

James Garrett Small, Pro Se, Indianapolis, Indiana, Attorney for Appellant.

Sally Franklin Zweig, Nancy Menard Riddle, Thomas G. Stayton, Gregory L. Taylor, Indianapolis, Indiana, Attorneys for Appellees.

**OPINION**

HOFFMAN, Senior Judge

Plaintiff–Appellant, James Garrett Small (Small), appeals the trial court's entry of summary judgment in favor of Defendants–Appellants Centocor, Inc. (Centocor), Eli Lilly & Company (Lilly), Community Hospitals Indiana (Community), Robert S. Joseph (Joseph), Steven A. Norris (Norris), James H. Dobson (Dobson), and Phyllis Garrison (Garrison) (collectively "Defendants").

We affirm.

Small presents four issues which we restate as:

1. Whether the trial court erred in granting Defendants' motions for summary judgment.

2. Whether the trial court erred in granting Defendants' protective order.

3. Whether the trial court erred in granting a non-party's motion to quash.

4. Whether the trial court erred in granting Defendants' motion to strike.

5. Whether the trial court erred in denying Small's petition for interlocutory appeal.

6. Whether the trial court erred in denying Small's motion to strike.

7. Whether the trial court improperly acted as an advocate for the defense.

8. Whether Small's constitutional rights were violated.

In September 1992, Small's father, Clarence Small (Clarence), was hospitalized and eventually died at Community Hospital. In 1994, Small, as the representative of his father's estate, filed a proposed complaint with the Indiana Department of Insurance. However, prior to the receipt of a decision from the medical review panel, the trial court entered summary judgment against Small and dismissed the complaint with prejudice based upon Small's failure to respond to discovery requests. Small then attempted to appeal the trial court's order. This Court dismissed Small's attempted appeal and denied his request for rehearing. Finally, the Indiana Supreme Court dismissed Small's petition to transfer.

In 1998, Small, on his own behalf, filed a complaint for damages with the trial court again raising issues related to his father's hospitalization and death; this is the action at issue in the present case. In response to Small's complaint, Defendants filed motions for summary judgment claiming that Small's action was barred by *res judicata,* collateral estoppel and the applicable statute of limitation. The trial court granted Defendants' motions, and this appeal ensued.

The party appealing the denial of summary judgment has the burden of persuading this Court that the trial court's ruling was improper. *Morton v. Moss,* 694 N.E.2d 1148, 1151 (Ind.Ct.App.1998). Upon review of the denial of a motion for summary judgment, we apply the same standard as the trial court. We resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the non-moving party. *Id.* Summary judgment should be granted only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and

**26**

that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Therefore, on appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Morton,* 694 N.E.2d at 1151. We may not search the entire record to support the judgment, but may only consider that evidence which was specifically designated to the trial court. *Askren Hub States Pest Control Services, Inc. v. Zurich Insurance Company,* 721 N.E.2d 270, 274 (Ind.Ct. App.1999).

Small first contends that the trial court erred in granting summary judgment. Within this broad contention, Small states four sub-issues: (1) his affidavit contains evidence that precludes the entry of summary judgment; (2) *res judicata* does not apply to bar his action; (3) collateral estoppel does not apply to bar this action; and (4) the proper statute of limitation in this case is six years. We will address each argument in turn.

 Small asserts that his affidavit contains evidence that precludes the entry of summary judgment in favor of Defendants. Specifically, Small claims that his affidavit is unopposed by Defendants and that the statements in his affidavit show that there are issues of fact, regarding whether Defendants committed fraud, that preclude the entry of summary judgment. Therefore, he reasons, summary judgment should not have been entered. In support of his argument, Small merely states that there are issues of fact, but he fails to specifically state the issues of fact to which her refers and explain how they preclude the court from granting summary judgment. Further, Small does not argue that his affidavit contains issues of fact relative to the bases upon which summary judgment was entered (i.e., *res judicata,* collateral estoppel, and statute of limitation).

Moreover, Small has overlooked the threshold questions upon which summary judgment was granted in the first instance. The trial court granted summary judg-

ment based upon an expired statute of limitation, and application of the doctrines of *res judicata* and collateral estoppel. Because these issues were addressed at the summary judgment stage of the proceeding, it was unnecessary for the court to address the substance of the underlying claims. Thus, Small has failed to persuade us that the trial court's ruling was improper.

 Next, Small alleges that the trial court erred by granting summary judgment on the basis of *res judicata.* The doctrine of *res judicata* bars litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies. *Indiana Ins. Co. v. American Community Services, Inc.,* 718 N.E.2d 1147, 1155 (Ind.Ct.App.1999). The principle behind this doctrine, as well as the doctrine of collateral estoppel, is the prevention of repetitive litigation of the same dispute. *Id.* The following four requirements must be satisfied for a claim to be precluded under the doctrine of *res judicata:* 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Id.*

In the present case, Small challenges the trial court's determination that there was a "prior action." He argues that the proposed complaint for medical malpractice filed with the Indiana Department of Insurance in 1994 was not a lawsuit but rather was merely an administrative prerequisite to a lawsuit. We disagree. The prior action in this instance is the complaint filed with the Indiana Department of Insurance on behalf of Clarence's estate. We now turn to the factors establishing *res judicata.*

First, we must determine if the prior judgment was rendered by a court of competent jurisdiction. Marion County Superior Court Number 11 rendered the judgment granting summary judgment and dismissing with prejudice the estate's claims. The action was before the court on a motion for summary judgment, a motion for preliminary determination of law, and a motion to dismiss. Ind.Code § 34–18–11–1 of the Medical Malpractice Act provides, in part, that a court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner may preliminarily determine an affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure. The court has jurisdiction to entertain such a motion only during that time after a proposed complaint is filed with the commissioner but before the medical review panel gives its written opinion.

Additionally, Ind.Code § 33–5.1–2–4 provides, in pertinent part, that the superior courts of Marion County have concurrent and coextensive jurisdiction with the Marion circuit court in all civil cases, as well as original and exclusive jurisdiction in all matters pertaining to the probate and settlement of decedents' estates. In the instant case, the Marion Superior Court Number 11 issued its order regarding preliminary determinations of law prior to the medical review panel rendering its decision. Thus, pursuant to the aforementioned statutes, Marion Superior Court had competent jurisdiction to render a judgment.

■ The second factor requires that the judgment be a judgment on the merits. Ind. Trial Rule 37(B)(2)(c) provides that a court may dismiss an action for a party's failure to comply with discovery orders. The trial court is not required to impose lesser sanctions prior to applying the ultimate sanction of dismissal. *Hatfield v. Edward J. DeBartolo Corp.*, 676 N.E.2d 395, 399 (Ind.Ct.App.1997), *reh'g denied*, *trans. denied*, 690 N.E.2d 1183. Further,

dismissal as a discovery sanction under T.R. 37 acts as an adjudication on the merits unless the order of the trial court expressly states that it is to be without prejudice. *State v. Wilbur*, 471 N.E.2d 14, 16–17 (Ind.Ct.App.1984), *reh'g denied*, *trans. denied*. Moreover, Ind. Trial Rule 41(B) provides, in pertinent part:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits.

Here, the record of the hearing on defendants' motions for summary judgment, dismissal and preliminary determination of law in the action filed on behalf of the estate reveals that the defendants requested a dismissal based upon Small's failure to respond to discovery requests. In response, the trial court granted the motion to dismiss and entered a dismissal with prejudice. This dismissal acts as an adjudication on the merits. Thus, the second requirement is fulfilled.

Third, *res judicata* requires that the matter now in issue was, or could have been, determined in the prior action. A review of the record discloses that the issues and claims Small raised in the first action are also part of this second action. Additionally, Small's claims of fraud and deceit were necessarily premised on Clarence's treatment and hospitalization, and are thus inextricably woven to the first claim such that these claims could have been or, more appropriately should have been, determined in the first action. The third requirement is satisfied.

■ Finally, the fourth factor requires that the parties to the subsequent action must be the same parties as, or those in privity with, those in the first action. The term "privity" describes the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in

the action are such that they may nevertheless be bound by the judgment in that action. *Marsh v. Paternity of Rodgers by Rodgers*, 659 N.E.2d 171, 173 (Ind.Ct.App. 1995). The term includes those who control an action, though not a party to it, and those whose interests are represented by a party to the action. *Id.*

In the present case, Small both controlled the prior action and had interests that were represented in the action. Although Small filed the first action as the representative of his father's estate, he had complete control over the action. With the exception of a short period of time when he was represented by counsel, Small performed all of the work on the case *pro se.* In addition, Small was a beneficiary of his father's estate and therefore stood to gain an inheritance from a favorable outcome of the first action. Therefore, Small, the individual, was in privity with Small, the personal representative, and he is bound by the judgment in the prior action. Thus, we find the elements of *res judicata* were satisfied, and the trial court properly entered summary judgment on that basis.

Small also asserts that the trial court erred in granting summary judgment based upon the doctrine of collateral estoppel. Also known as "issue preclusion," collateral estoppel bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit. *Slutsky v. Crews*, 713 N.E.2d 288, 291 (Ind.Ct.App.1999). In such a situation, the first adjudication will be held conclusive even if the second action is on a different claim. *Id.* Where a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost, the use has been termed "defensive" collateral estoppel. *Id.* In order to bar relitigation of an issue, the doctrine of collateral estoppel requires: 1) a final judgment on the merits in a court of competent jurisdiction; 2) identity of the is-

sues; and 3) the party to be estopped was a party or the privity of a party in the prior action. *Adams v. Marion County Office of Family and Children*, 659 N.E.2d 202, 205 (Ind.Ct.App.1995). In determining whether the defensive use of collateral estoppel is appropriate, the court must also consider whether the party against whom the judgment is pled had a full and fair opportunity to litigate the issue, and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel. *Id.*

In our previous discussion with regard to the doctrine of *res judicata*, we determined that there had been a final judgment on the merits by a court of competent jurisdiction. Further, as we stated previously, Small raises the same claims and issues in the second action as he did in the first suit. Finally, we also previously concluded that Small (the individual) was in privity with Small (the personal representative) such that he was bound by the judgment in the prior action. Additionally, we conclude that Small was afforded a full and fair opportunity to litigate these issues in the prior action. As we stated above, he was in complete control of the first suit, and the dismissal was granted based upon his failure to respond to discovery requests. Moreover, the record reveals that he did not oppose the defendants' motion to dismiss because he failed to appear for the hearing on such. Although Small was afforded a full and fair opportunity to litigate these issues in the prior action, he failed to avail himself of that opportunity. The trial court properly entered summary judgment on the basis of collateral estoppel.

Next, Small contends that the trial court erred in granting summary judgment based upon a two-year statute of limitation. Small argues that the proper statute of limitation is six years, and therefore his claim is not barred.

Ind.Code § 34-18-7-1 supplies us with the statute of limitation for a claim

being brought under the Medical Malpractice Act. The statute provides that a claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim is filed within two (2) years after the date of the alleged act, omission, or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file. Ind.Code § 34–18–7–1. Additionally, Ind.Code § 34–23–1–1 supplies us with the statute of limitation for a wrongful death action. That statute provides that when the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years. Ind.Code § 34–23–1–1. Further, we note that it is the substance of the cause of action, rather than the form, which determines the applicability of the statute of limitation. *Klineman, Rose and Wolf, P.C. v. North American Laboratory Co.*, 656 N.E.2d 1206, 1208 (Ind.Ct.App.1995), *trans. denied.*

In the case at bar, all of Small's claims are based upon the medical treatment, or alleged lack thereof, provided to Small's father and the use of the experimental drug that was given to Clarence in the hospital. Although Small has used labels of "forgery," "active fraud," "deceit," "constructive fraud," and "fraudulent concealment" to characterize his claims, at the root of all of the claims is the care given to his father. This action continues to be an action for medical malpractice and/or an action for wrongful death, and therefore a two-year statute of limitations applies. The trial court properly entered summary judgment on that basis.

 Small's second claim of error is the trial court's grant of Defendants' protective order. Particularly, Small asserts that Defendants failed to meet their burden to show that the documents Small sought are privileged. Additionally, Small claims that the court erred by not holding a hearing on Defendants' motion.

 Initially, we note that the trial court has broad discretion in ruling on discovery matters, and we will reverse a trial court's decision regarding discovery matters only if there has been an abuse of that discretion. *Hartford Financial Services Group, Inc. v. Lake County Park and Recreation Board*, 717 N.E.2d 1232, 1234 (Ind.Ct.App.1999). An abuse of discretion occurs when a trial court reaches a conclusion that is against logic and the natural inferences which can be drawn from the facts and circumstances before the trial court. *Id.* Moreover, we will not reverse a trial court's discovery order absent a showing of prejudice. *City of Elkhart v. Agenda: Open Government, Inc.*, 683 N.E.2d 622, 628 (Ind.Ct.App.1997), *reh'g denied, trans. denied*, 698 N.E.2d 1184. Ind. Trial Rule 26(C)(2) provides that a trial court may, for good cause shown, enter an order protecting a party from annoyance, embarrassment, oppression, or undue burden or expense by ordering that the discovery may be had only on specified terms and conditions.

 Here, Small is confused about the reason for the entry of the protective order. Defendants did not claim that the requested documents were privileged. Rather, the Defendants requested and the court granted a protective order protecting Defendants from the burden of producing voluminous materials in response to Small's discovery requests. The motion was made because Small's requests were propounded prior to the hearing on summary judgment, yet the documents requested did not relate to the grant or denial of summary judgment. Instead, the documents Small had requested concerned the merits of his action. Therefore, Defendants simply asked the court to order that the discovery was protected until such time as their motions for summary judgment may be denied. We believe this to be a reasonable request acted upon in a proper manner by the trial court. Fur-

ther, T.R. 26 does not require a hearing on a party's request for a protective order. Moreover, Small has failed to show the required prejudice based upon the granting of this protective order.

■ Next, Small alleges that the trial court erred in granting the Food and Drug Administration's motion to quash. Although Small presented this as an issue, he failed to provide any argument. Small's failure to present argument on this issue constitutes waiver of the issue for purposes of appeal. *See McConnell v. Porter Memorial Hospital,* 698 N.E.2d 865, 868 (Ind.Ct.App.1998), *trans. denied,* 706 N.E.2d 182; Ind. Appellate Rule 8.3(A)(7).

■ Small also contends that the trial court erred in granting Defendants' motion to strike scandalous material from Small's amended complaint. The trial court has broad discretion in determining whether redundant or scandalous material will be stricken. *Hardin v. Christy,* 462 N.E.2d 256, 258 (Ind.Ct.App.1984). That decision will not be reversed unless prejudicial error is clearly shown. *Id.* Ind. Trial Rule 12(F) governs the striking of such material. It provides that the court may, upon request by a party, strike from any pleading any "insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter." T.R. 12(F). Defendants requested the trial court to strike portions of Small's amended complaint due to its scandalous aspersions intended to embarrass and harass Defendants, particularly two of the doctors involved in this case.

Small alleges that it was difficult to discern the meaning of his complaint once the relevant portions were stricken; yet the record reveals no attempt by him to obtain leave of court to amend his complaint. Moreover, Small's reliance upon *Briggs v. Clinton County Bank & Trust Co. of Frankfort, Ind.,* 452 N.E.2d 989 (Ind.Ct. App.1983), is misplaced. Small relies on this case for the proposition that the scandalous material in the present case is privileged. However, *Briggs* states that although the prevailing rule is that judges, counsel, parties and witnesses are absolutely privileged to publish defamatory matter in the course of judicial proceedings, the statements must be pertinent and relevant to the case. 452 N.E.2d at 997. Further, *Briggs* instructs that a person who feels he or she is defamed by a pleading containing arguably privileged matter is not without remedy. That party may file a motion to strike the immaterial, impertinent or scandalous matter under T.R. 12(F). *Id.* at 998. Although Small makes numerous claims regarding the trial court's grant of Defendants' motion to strike, he fails to show any prejudice. Thus, Small's argument must fail. The trial court properly granted Defendants' motion to strike.

■ As his fifth assertion of error, Small states that the trial court erred in denying his petition for interlocutory appeal. Small attempted to appeal the trial court's grant of Defendants' motion to strike pursuant to T.R. 12(F), but the trial court denied his petition. Ind. Appellate Rule 4(B)(6) provides that a party may appeal an issue as an interlocutory order if the trial court certifies the issue. Therefore, it is within the trial court's discretion to certify an order for interlocutory appeal. Small has provided scant argument with regard to this issue and no showing of abuse of this discretion. We find no error.

Next, Small raises the issue of the trial court's denial of his motion to strike. Small provides us with only a few sentences on this issue wherein he cites Ind. Evidence Rule 802, Ind. Evidence Rule 902, Ind. Evidence Rule 1005 and Ind. Trial Rule 44(A)(1) as authority for the inadmissibility of Defendants' affidavits. However, Small fails to provide any argument with regard to how these rules apply to the affidavits in question and why the affidavits are allegedly inadmissible. As we have stated previously, the failure to provide argument on a stated issue waives that issue for appeal. *See McConnell,* 698 N.E.2d at 868; Ind. Appellate Rule 8.3(A)(7).

Finally, Small argues that the trial court "demonstrated prejudice against [him] by constantly interrupting and verbally 'sparring' with [him]" and that the trial court took the position of advocate and argued Defendants' case for them. Appellant's Brief at 34. We must warn Small that we do not look favorably upon disparaging and disrespectful language in briefs with regard to this Court or the trial courts of this state. Upon review of the record, we find that the trial judge was merely asking questions of Small in order that everyone present could understand Small's argument. We find no error by the trial court.

Additionally, throughout his brief, Small makes cursory statements that his federal and state constitutional rights were violated in this action. However, Small presents no argument and/or analysis to support these assertions; therefore he has waived any argument with regard to these issues. *See Stewart v. State,* 688 N.E.2d 1254, 1256 (Ind.1997) (failure to provide independent analysis based upon state constitutional jurisprudence waives claim of error); *see also McConnell,* 698 N.E.2d at 868; Ind. Appellate Rule 8.3(A)(7).

In conclusion, we find that the trial court properly entered summary judgment in favor of Defendants, and properly granted Defendants' protective order and motion to strike. Further, the trial court neither erred in denying Small's petition for interlocutory appeal nor 'in asking Small questions during the hearing on Defendants' motions for summary judgment. Small waived his arguments as to the trial court's grant of the non-party's motion to quash, the denial of his motion to strike, and any alleged violation of his constitutional rights.

Affirmed.

BAKER, J., and NAJAM, J., concur.