## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of *res judicata*, collateral estoppel, or the law of the case.



FILED
Mar 26 2015, 9:01 am

CLERK
of the supreme court, court of appeals and tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Mark A. Bates | David Paul Allen |
| Schererville, Indiana | Hammond, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tr><td>

A.A.,

*Appellant-Defendant,*

    v.

A.S.,

*Appellee-Plaintiff.*

</td><td>

March 26, 2015

Court of Appeals Case No. 45A03-1409-PO-346

Appeal from the Lake Superior Court
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1406-PO-124

</td></tr>
</table>

**Bradford, Judge.**

## Case Summary

[1]  In 2014, Appellee-Plaintiff A.S. filed for and received a protective order against her former husband Appellant-Defendant A.A.  A.A. appeals, arguing that A.S. previously petitioned for a protective order in 2013, which was denied, and her

2014 petition was barred by *res judicata* because she made no new allegations of misconduct. We reverse.

# Facts and Procedural History

[2]   A.A. and A.S. (collectively "the parties") were married for twelve years before separating in 2012. On September 24, 2013, the parties' marriage was dissolved. On the same day, A.S. filed a petition for protective order against A.A. alleging that A.A. had committed multiple acts of domestic violence and stalking against her in 2012. The trial court granted an emergency ex parte order for protection. On October 22, 2013, the trial court dismissed the petition due to A.S.'s failure to show that domestic violence had occurred by a preponderance of the evidence.

[3]   On June 4, 2014, A.S. again petitioned for a protective order against A.A and appeared *pro se* at an ex parte hearing in front of the trial court. The only "incident" described in her petition was the short statement "to kill me." Appellant's App. p. 10. Due to a language barrier, the trial court had difficulty understanding A.S. and questioned why she needed an order for protection when she had already received no contact orders from the Hammond City Court.[1] Regardless, the trial court granted an ex parte order for protection and

---

[1] Criminal charges were filed against A.A. in Hammond City Court based on allegations of domestic abuse committed against A.S. during the marriage. As of August 28, 2014, the criminal cases relating to those allegations were pending.

set a hearing on the motion. On July 3, 2014, A.A. filed a motion to dismiss the petition. The trial court denied the motion to dismiss at the outset of the August 28, 2014 hearing. At the hearing, A.S. recounted many incidents of domestic abuse which occurred prior to the parties' divorce, the last of which occurred in January of 2013. When asked by counsel if there had been any other incidents since September 2013 (after the divorce was finalized), A.S. responded, "No, but I don't want any more to happen." Tr. p. 21. The trial court granted A.S. a one-year protective order against A.A. A.A. appeals.

# Discussion and Decision

[4] Protective orders are in the nature of injunctions. Therefore, in granting a protective order the trial court must *sua sponte* make special findings of fact and conclusions thereon. *See* Indiana Trial Rule 52(A); I.C. § 34-26-5-9(a), (f); *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010) (stating that the trial court may issue or modify an order for protection only upon a finding that domestic or family violence has occurred).

Where, as here, the trial court entered findings of fact and conclusions thereon pursuant to Trial Rule 52(A), we apply a two-tiered standard of review. *Mysliwy v. Mysliwy*, 953 N.E.2d 1072, 1076 (Ind. Ct. App. 2011), *trans. denied*.

> [F]irst, we determine whether the evidence supports the findings, and second, whether the findings support the [order]. In deference to the trial court's proximity to the issues, we disturb the [order] only where there is no evidence supporting the findings or the findings fail to support the [order]. We do not reweigh the evidence, but consider only the evidence favorable to the … [order]. Those appealing the … [order] must establish that the findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. We do not

> defer to conclusions of law, however, and evaluate them
> *de novo*.
>
> *Id*. (internal citations omitted).

*Hanauer v. Hanauer*, 981 N.E.2d 147, 148-49 (Ind. Ct. App. 2013) (some citations omitted).

Indiana Code section 34-26-5-2 provides as follows:

> (a) A person who is or has been a victim of domestic or family violence may file a petition for an order for protection against a:
>
> (1) family or household member who commits an act of domestic or family violence; or
>
> (2) person who has committed stalking under IC 35-45-10-5 or a sex offense under IC 35-42-4 against the petitioner.

Indiana Code section 34-26-5-9 provides:

> A finding that domestic or family violence has occurred sufficient to justify the issuance of an order under this section means that a respondent represents a credible threat to the safety of a petitioner or a member of a petitioner's household. Upon a showing of domestic or family violence by a preponderance of the evidence, the court shall grant relief necessary to bring about a cessation of the violence or the threat of violence.

A.A. argues that his motion for dismissal should have been granted, or that A.S.'s petition should have been denied, because A.S. made no allegations of any new instances of misconduct since her prior petition seeking a protective order was denied on October 22, 2013. We agree. Absent any new allegations of misconduct, the trial court was essentially re-ruling on the same issue which had previously been addressed by another court.

> The doctrine of *res judicata* bars the litigation of a claim after a final judgment has been rendered in a prior action involving the same claim

between the same parties or their privies. *Small v. Centocor, Inc.*, 731 N.E.2d 22, 26 (Ind. Ct. App. 2000), *reh'g denied*, *trans. denied*. The principle behind this doctrine, as well as the doctrine of collateral estoppel, is the prevention of repetitive litigation of the same dispute. *Id.* The following four requirements must be satisfied for a claim to be precluded under the doctrine of *res judicata*: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies. *Id.*

*MicroVote Gen. Corp. v. Indiana Election Comm'n*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010).

[7]     In response to A.A.'s *res judicata* argument, A.S. argues that the previous order denying A.S.'s first petition for protective order was not rendered "on the merits," as is required by the second element of the *res judicata* doctrine. Appellee's Br. 11. We find this argument unpersuasive. The order dismissing A.S.'s 2013 petition for protection states, "The Petitioner has not shown, by a preponderance of the evidence, that domestic or family violence, stalking, or a sex offense has occurred sufficient to justify the issuance of an Order for Protection." Appellant's App. p. 36. We think this is clearly a judgment on the merits. Accordingly, A.S. was barred from attempting to gain a subsequent protection order based on any allegations of domestic abuse prior to the September 24, 2013 motion for protective order. To find otherwise would encourage forum shopping and redundant litigation by permitting parties who had been denied a protective order to re-petition in different courts. Under such circumstances, there would be no finality to a denial of a protective order and

respondents could be required to defend themselves repeatedly against the same claims.

[8] A.S. conceded that A.A. had not committed any misconduct *after* September 24, 2013, and that the last reported instance of abuse/stalking occurred in January of 2013. In its August 28, 2014 order, the trial court found that "The Petitioner has shown by a preponderance of the evidence that domestic or family violence has occurred sufficient to justify the issuance of this Order [for Protection]." Appellant's App. p. 21. The trial court was precluded, under the doctrine of *res judicata*, from granting a protective order based on incidents that occurred prior to September 24, 2013, and there were no alleged incidents of misconduct which occurred after that date. Therefore, the trial court's grant of the order for protection was clearly erroneous.

[9] We note that as of the June 4, 2014 ex parte hearing, A.S. had valid no contact orders against A.A. This decision in no way limits the effectiveness of those orders, and, assuming they are still valid, A.S. is required to abide by the guidelines therein.

[10] The judgment of the trial court is reversed.

Vaidik, C.J., and Kirsch, J., concur.