

ATTORNEY FOR APPELLANT

Robert H. Little
Brookston, Indiana

Derek R. Molter
Jenny R. Buchheit
Ice Miller LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

John K. Morris
Morris Law Office
Lafayette, Indiana

Karl L. Mulvaney
Nana Quay-Smith
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| H.S., <br> *Appellant-Petitioner,* <br><br> v. <br><br> W.P., <br> *Appellee-Respondent* | December 29, 2016 <br><br> Court of Appeals Case No. <br> 79A05-1604-GU-776 <br><br> Appeal from the Tippecanoe <br> Circuit Court <br><br> The Honorable Thomas H. Busch, <br> Judge <br><br> Trial Court Cause No. <br> 79C01-1512-GU-130 |

**Baker, Judge.**

[1] H.S. (Granddaughter) appeals the judgment of the trial court, which dismissed her guardianship petition regarding W.P. (Grandfather). The trial court found that Granddaughter's petition was precluded by the doctrine of res judicata because a previous case filed by J.C.P.—her uncle and Grandfather's son— under the trust code was dismissed with prejudice. The trial court also found that Granddaughter's petition violated a local court rule. We find that there is no evidence that Granddaughter influenced J.C.P.'s decision to dismiss his own case and that, therefore, the doctrine of res judicata cannot be fairly applied to preclude her petition. Moreover, Granddaughter did not violate the local court rule. Accordingly, we reverse and remand with instructions to vacate the order dismissing her case and for further proceedings.

## Facts

[2] In 1996, Grandfather and M.P. (Grandmother) (collectively, Grandparents) established a trust of which they were settlors, trustees, and primary beneficiaries. Their three sons—M.L.P., W.K.P., and J.C.P.—were the residual beneficiaries, and M.L.P. and J.C.P. were set to be the successor trustees. In July 2014, Grandfather amended the trust to make M.L.P. the sole successor trustee.

[3] On August 27, 2014, J.C.P. filed a petition requesting that Grandfather and M.L.P. be replaced by a corporate trustee. Granddaughter, who is the daughter of W.K.P. and a contingent beneficiary of the trust, was notified and summonsed as an interested party, but did not join the lawsuit as a party.

J.C.P. also requested an accounting of the trust and a preliminary injunction, alleging that M.L.P. and M.L.P.'s wife were exercising undue influence over Grandparents and were self-dealing out of trust assets. Shortly thereafter, Grandmother passed away, making M.L.P. a co-trustee with Grandfather.

[4] After hearing testimony, the trial court on October 6, 2014, granted J.C.P.'s motion for a preliminary injunction. The trial court noted that Grandfather suffered from dementia, and it stated, "During the course of the hearing in this matter, [Grandfather] became irrational and disoriented and stormed around the courtroom yelling and left the courtroom and had to be restrained by a deputy." Appellant's App. p. 48. Moreover, he "confused his children's names, was unsure who or when people contacted him, exhibited confusion about his affairs and total reliance on [M.L.P.] and his attorney." *Id.* at 49. After finding that M.L.P. was using Grandfather's confusion to sow discord in the family, the trial court concluded that J.C.P. had made the requisite showings to establish a reasonable likelihood of successfully proving that M.L.P. was exercising undue influence over Grandfather and was using this influence to gift himself trust resources. Grandfather and M.L.P. appealed this order, but we remanded before issuing any opinion so that more evidence could be taken on the matter.

[5] The trial court set a trial for June 23, 2015. Although Granddaughter did not join the case as a party, she did provide deposition testimony. A week before the trial, however, J.C.P. filed a motion to dismiss his own case, citing the emotional and financial toll the case was having on the family, and contending

that he would not be able to attend the trial. After a hearing on the motion, the trial court dismissed the case, ordering J.C.P. to pay attorney fees. There is no evidence in the record that Granddaughter had notice of this motion or the hearing, which she did not attend.[1]

[6] On December 4, 2015, Granddaughter filed a petition to establish a guardianship over Grandfather. She alleged that Grandfather was "an incapacitated person [] incapable of managing his business and property because of, inter alia, the undue influence of others." Appellant's App. p. 12. W.K.P. and J.C.P. consented to the guardianship, but M.L.P. did not. On December 15, Grandfather filed a motion to dismiss Granddaughter's petition, and M.L.P. joined Grandfather's motion to dismiss.

[7] After holding a hearing and receiving briefs on the issue, the trial court granted Grandfather's motion to dismiss on March 9, 2016. First, it found that Granddaughter's claims were res judicata, based on the earlier probate case that was dismissed with prejudice, and that "[a] contrary finding would permit each of the persons interested in replacing a trustee or removing a person from control of his own assets to come to court in succession to litigate the identical claim." Appellant's App. p. 9. Second, the trial court found that Granddaughter's petition failed to comply with a local court rule because her

---

[1] J.C.P.'s appeal of this case is currently pending.

guardianship petition did not include a doctor's report. Granddaughter now appeals.

# Discussion and Decision

# I.  Res Judicata

[8]  Grandfather argues that Granddaughter is precluded from advancing her guardianship petition because of J.C.P.'s earlier lawsuit. Grandfather points out that a single factual issue, whether M.L.P. is exercising undue influence over Grandfather, is central to both cases. Moreover, Granddaughter was sent a notice of J.C.P.'s suit; Grandfather argues that she should have joined that case as a party or else risk losing her right to pursue a similar claim.

[9]  Grandfather's argument "compel[s] us to enter the miasmic land of res judicata where historic marsh vapors obscure concepts and semantic footing is slippery." *State v. Speidel,* 181 Ind. App. 448, 451, 392 N.E.2d 1172, 1176 (1979). Res judicata, whether in the form of claim preclusion or issue preclusion (also called collateral estoppel), aims to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies. *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). The term privity describes the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in the action are such that they may nevertheless be bound by the judgment in that action. *Small v. Centocor, Inc.*, 731 N.E.2d 22, 27-28 (Ind. Ct. App. 2000). The term includes those who control an action, though not a party

to it, and those whose interests are represented by a party to the action. *Id.* When determining whether a party is precluded from asserting a claim due to a previous adjudication, "the prime consideration is whether the party against whom the prior judgment is pled had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel." *Sullivan v. Am. Cas. Co. of Reading, Pa.*, 605 N.E.2d 134, 138 (Ind. 1992).

[10] We find that it would be unfair to preclude Granddaughter's guardianship petition under the present circumstances. Grandfather would have a much stronger argument if J.C.P.'s case had been fully litigated and not voluntarily dismissed; if that had happened, then Grandfather could argue that Granddaughter was an individual "whose interests [were] represented by a party to the action." *Small*, 731 N.E.2d at 28. But we find dispositive the fact that there is no evidence that she was notified or had knowledge of J.C.P.'s motion to dismiss. In other words, if the doctrine of res judicata precludes Granddaughter's claim, then a motion filed by someone else, without her knowledge or control, would act to extinguish all of her present and future claims on the issue. This is a conclusion we cannot countenance.

[11] Grandfather is correct that a case does not have to be argued to its denouement to have preclusive effect. For instance, in *Small*, a son of a decedent filed a proposed complaint with the Indiana Department of Insurance as the representative of his father's estate on the grounds that his father's hospital committed negligence, but his case was dismissed by the trial court after he

failed to respond to discovery requests. 731 N.E.2d at 25. Four years later, Small filed a complaint for damages on his own behalf, again raising the issue of his father's hospitalization and death. *Id.* We held that, because Small as a personal representative of his father and Small as an individual were in privity, the first case precluded the second. *Id.* at 28.

[12] Unlike Small, whose first case was dismissed due his own action or lack thereof, the first case Granddaughter was involved in was dismissed without her knowledge, consultation, or control. To find that the doctrine of res judicata precludes her guardianship claim in these circumstances would be unfair, and the trial court's decision to grant Grandfather's motion to dismiss on this basis was error.

## II. Local Rule 79-PR-8.2

[13] Tippecanoe County Local Rule of Court 79-PR-8.2 provides as follows:

> In guardianship matters seeking to declare an adult incapacitated for any reason, a report or similar statement or document from the doctor treating the alleged incapacitated person, or such additional evidence as the Court shall require, shall be presented to the Court at the time the petition is filed or on the hearing date. No determination will be made without a supporting medical report or other evidence clearly demonstrating the reasons supporting the need for a guardianship.

Granddaughter did not attach any doctor's report to her petition, but instead argued that the rule did not apply to her petition. Accordingly, the trial court

found as an alternative grounds for dismissal that she had not complied with the local rule.

[14] The parties argue over whether this local rule is in conflict with state law and therefore outside the authority of the trial court to enforce. We find that even if this local rule is valid, the plain language of the rule does not support the trial court's decision to dismiss Granddaughter's petition.

[15] The rule's explicit language contemplates the admission of a doctor's report "at the time the petition is filed *or on the hearing date*." Local Rule 79-PR-8.2 (emphasis added). A litigant reading the rule would have no notice that failure to include a doctor's report with the petition would result in dismissal. At most, the rule could be read to permit a trial court to order a litigant to produce such a report before holding a hearing; if the party did not comply with the court order, then perhaps the petition could be dismissed on that basis. *See, e.g.,* Ind. Trial Rule 9.2 (requiring a pleading based on a written instrument to include that instrument, but instructing that non-compliance with the rule only permits the trial court to "order compliance, the reasons for non-compliance to be added to the pleadings, or allow the action to continue without further pleading"). Moreover, the rule also does not only refer to doctor's reports, but also "such additional evidence as the Court shall require." In the absence of any court order specifying what evidence the trial court would like to see, a litigant cannot fairly have her case dismissed for failure to comply with the rule. Because the trial court never ordered Granddaughter to produce the report contemplated in the local rule, or any other evidence, the alleged non-

compliance with the local rule cannot be a valid basis for dismissing her petition.

[16] The judgment of the trial court is reversed and remanded with instructions to vacate its March 9, 2016, order and for further proceedings.

Mathias, J., and Pyle, J., concur.